### J. C. Manning v. State.

No. 2416.    Decided November 20, 1901.

**1.—Rape—Evidence.**

On a trial for rape of a female under 15 years of age, it is competent to prove sexual intercourse between the parties committed in another county and State as tending to show illegal intimacy between the parties.

**2.—Same.**

On a trial for rape, it is incompetent to prove that the mother of prosecutrix was keeping a house of ill fame at the time of the alleged offense.

**3.—Same.**

On a trial for rape of a female under 15 years of age, it is no defense that defendant was ignorant of the age of prosecutrix and that he exercised reasonable care to ascertain her age.

**4.—Same—Charge.**

On a trial for rape, where evidence was introduced of illegal acts of intercourse in other counties, it was proper for the court to instruct the jury that they could not convict defendant of offenses committed in such other counties.

Appeal from the District Court of Baylor. Tried below before Hon. S. I. Newton.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*L. B. Dalton,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at fifteen years confinement in the penitentiary.

The indictment charges the rape to have been committed upon one Ivy Benton; she being at the time under the age of fifteen years, and not the wife of appellant. The State offered testimony tending to show sexual intercourse by appellant with prosecutrix in Potter County and in New Mexico. Appellant objected to this on the ground that the same was another and distinct offense, and had no bearing as to the offense committed in Baylor County. While it is true appellant could have been prosecuted for the offense committed in Potter County, as for a distinct offense, still this of itself would not render the evidence inadmissible. The transaction was between the same parties, and would tend to show an intimacy and familiarity between them, which, with other circumstances, would tend to show the guilt of appellant as to the transaction charged against him in the indictment. Hamilton v. State, 36 Texas Crim. Rep., 372.

The court did not err in excluding testimony showing that the mother of prosecutrix was keeping a whorehouse in Seymour at the time of the alleged offense. We fail to see how this would have any bearing as to the guilt or innocence of appellant.

Appellant contends the court should have given his special requested instructions with reference to his want of knowledge that prosecutrix was under the age of consent, and, if he exercised reasonable care to ascertain her age, he would not be guilty. The doctrine of mistake of fact or honest belief has no application to this character of offense. Edens v. State, 43 S. W. Rep., 89; Bish. St. Crimes, sec. 490; Bish. Crim. Law, secs. 301, 303a, 310; Lawrence v. Commonwealth, 30 Grat., 845; State v. Newton, 44 Iowa, 45.

The court properly instructed the jury they could not convict appel-

lant of offenses committed in other counties. We have carefully examined the charge of the court, and, in our opinion, it is a correct enunciation of the law. Finding no error in the record, the judgment is affirmed.

*Affirmed.*