## WALTER FOREMAN v. THE STATE.

### No. 839.   Decided December 21, 1910.

**1.—Perjury—Indictment—Precedent.**

Where upon trial of perjury the indictment substantially conformed to precedent the same was sufficient.

**2.—Same—Absence of Defendant—Practice in District Court.**

Where, upon trial of perjury, the record showed upon appeal that the defendant was absent for about thirty or forty minutes and not in hearing or view of the proceedings of the court which tried him, and during which time the State introduced material testimony, and was proceeding to do so when the defendant came into court, there was reversible error. Following Emery v. State, 57 Texas Crim Rep., 423, and other cases.

Appeal from the District Court of Upshur. Tried below before the Hon. W. R. Heath, Special Judge.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Briggs* and *Warren & Briggs,* for appellant.—Upon question of defendant's absence from trial: Massey v. State, 31 Texas Crim. Rep., 371, 20 S. W. Rep., 938; Cason v. State, 52 Texas Crim. Rep., 220, 106 S. W. Rep., 337; Derden v. State, 56 Texas Crim. Rep., 396, 120 S. W. Rep., 485, and cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the District Court of Upshur County for the offense of perjury in which appellant's punishment was assessed at confinement in the penitentiary for a period of two years.

1. Among other grounds upon which a reversal is sought is that the indictment on which the prosecution is predicated is invalid. A careful inspection of the indictment has convinced us that same is sufficient and charges an offense. Its length suggests the inadvisability of setting it out at length. It does not depart substantially from the usual precedents in such cases.

2. Among other grounds of the motion for a new trial it is alleged in substance that during the trial there was an intermission in the proceedings and a recess taken by the court. During said recess appellant retired to a room in the courthouse joining the courtroom and remained there some thirty or forty minutes; that while there he was simply waiting until the proceedings of the court were resumed, expecting to be advised when the court was ready to proceed; that while in said room and while the door was closed which connected said room with the courtroom and while he was absent from the courtroom and not in hearing or in view of the proceedings in the court, the State introduced one witness who testified to the material facts in said cause and that another witness had been introduced for the State and was proceeding with his testimony when appellant came into the court. This ground of the motion was contested by the State and on this contest testimony was heard at considerable length. This testimony we have carefully reviewed. It is always embarrassing in respect to a difference of this kind for this court to be called on to ascertain the facts in the midst of so much conflict between counsel for the respective parties and the court. A careful reading, however, of this testimony has convinced us that the motion for new trial should have been sustained and that the ground alleged had been proven substantially to be true. We can

Vol. LX. Crim.—37.

not escape the conviction that the testimony of appellant on this issue is so affirmative, direct, detailed and circumstantial as to make it impossible, practically, for appellant's witnesses to have been mistaken in respect to the fact urged; whereas, the testimony for the State was largely negative and for the most part was to the effect that the witnesses had not noticed appellant's absence. Article 633 of the Code of Criminal Procedure is as follows: "In all prosecutions for felonies, the defendant must be personally present on the trial, and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment or any part thereof is imprisonment in jail." As said in the case of Emery v. State, 57 Texas Crim. Rep., 423, 123 S. W., 133, the cases are entirely harmonious to the effect that evidence can not be introduced in the absence of the accused. Bell v. State, 32 Texas Crim. Rep., 436; Hill v. State, 54 Texas Crim. Rep., 646. We can well understand that in view of our present statute under which pending the trial, appellant may remain at large that practical difficulties may arise upon the trial in view of the bail statute and the statute above quoted. These difficulties, however, may ordinarily be overcome by a careful and diligent enforcement of the rule requiring the defendant's presence on the trial. As presented, we do not feel that we would be justified, under the statute and under the testimony, in sustaining this conviction.

The other matters contained in the motion for new trial need not be discussed, as, for the most part, they are not likely to occur upon another trial.

For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

McCord, Judge, absent.