## A. M. Cowart v. State.

### No. 1693.   Decided March 6, 1912.

**1.—Fraudulently Disposing of Mortgaged Property—Withdrawing Testimony from Jury—Presence of Defendant.**

Where, upon trial of fraudulently disposing of mortgaged property, the jury returned into court, after their retirement to consider their verdict, and asked for the re-examination of certain material testimony in the case, naming witnesses who had testified, and the court, in the absence of the defendant and his counsel, instructed the jury that such testimony had nothing to do with the case, etc., there was reversible error.

**2.—Same—Felony—Defendant's Presence—Statutes Construed.**

Under article 736, Code Criminal Procedure, the defendant in every case of felony shall be present in the court whenever the jury may communicate with the court for additional instruction or the re-examination of witnesses, etc., and his counsel shall also be called, and where defendant was absent during such proceedings, the same was reversible error, although defendant was out on bond, and the court had defendant and his counsel called and received no response.

Appeal from the District Court of Johnson.   Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of fraudulently disposing of mortgaged property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. N. Bauldwin,* for appellant.—Cited Hill v. State, 52 Texas Crim. Rep., 241, 114 S. W. Rep., 117; Gardner v. State, 55 Texas Crim. Rep., 394, 117 S. W. Rep., 140; Derden v. State, 56 Texas Crim. Rep., 396, 120 S. W. Rep., 485.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Shipp v. State, 11 Texas Crim. App., 46; Granger v. State, id., 454; Mapes v. State, 13 id., 85; Benavides v. State, 31 Texas Crim. Rep., 173.

HARPER, Judge.—Appellant was indicted, tried and convicted of the offense of fraudulently disposing of mortgaged property, and his punishment assessed at two years confinement in the penitentiary.

Appellant assigns a number of grounds in his motion for new trial, and we have carefully reviewed each of them, but are of the opinion that none of them present error, unless it be the following matter, which is presented in bills of exceptions Nos. 1 and 2. It appears that after the courts had charged the jury, and they had considered the case for some six hours, they presented to the court the following matter in writing:   "We want Parker's testimony about mare, how disposed of.   We want Lockman's on the same, also Lockman's about black mare and about the written order to the county clerk. Thos. M. Huff, Foreman."   The court says when this request was

presented to him by the jury, he had the defendant and his counsel called; that receiving no response he sent the officer in search of them, who reported he was unable to find appellant or his counsel, when the court, in the absence of the defendant, instructed the jury:

"The questions that you have propounded to the court have nothing to do with this case or any bearing on it and in deciding the case you will not consider those questions at all and confine your investigation upon the questions submitted to you in the charge of the court."

Appellant was indebted to Lockman, and, together with other property, had given him a mortgage on a sorrel mare; this sorrel mare he had sold to Parker, taking a note for thirty-five dollars, and had traded the note to Mr. Ford in payment of a debt due by appellant to Ford, receiving a small amount in money as a difference between the amount he was due Ford and the value of the note. This money he had kept. Lockman, the man who held the mortgage, received no part of the proceeds derived from a sale of the mare by appellant to Parker. Parker testified: "I never did personally tender the sorrel mare to Lockman (the owner of the mortgage). I went to Mr. Lockman and told him that I wanted to make arrangements with him to take the mare back. He didn't tell me anything then, but in two or three weeks he consented for me to turn the mare back to Cowart (appellant). I did not go to see Cowart to see what he did with the mare. I went to see Lockman." This was after he learned that Lockman had the mortgage on the mare, and he turned the mare back to Cowart, and paid no part of the note he had given to Cowart for the mare.

The county clerk testified that he had an order signed by Lockman dated June 21, 1910, instructing him to cancel the mortgage. That the order was presented to him by appellant, and he cancelled the mortgage and delivered it to appellant.

Appellant testified he had sold the mare to Parker, with the understanding that he was to pay the money for the mare to Mr. Lockman, and that Parker knew there was a mortgage on the mare at the time he sold her to him. That Parker subsequently turned the mare back to him, telling him that Lockman had told him to bring the mare back to him, appellant, and for him to take care of her.

There were sharp conflicts in the testimony of appellant and Mr. Lockman. If Mr. Lockman's testimony is true, appellant was guilty of the offense as charged. If appellant's version was accepted by the jury, he would be guilty of no offense. The testimony of Parker, and the order to the county clerk would perhaps be of aid to the jury in passing on the conflict between the testimony of Lockman and appellant, and after admitting the testimony, the court should not have withdrawn it from the consideration of the jury in the absence of the defendant. (Shipp v. State, 11 Texas Crim. App., 46,

and other cases following that decision.)    Our statutes provide in article 733 of the Code of Criminal Procedure, that the jury may communicate with the court in regard to any matter; in article 734, that they may ask for additional instructions, and in article 735, they have the right to have a witness reexamined on any matter involved in the trial, but in article 736, it is provided: "In every case of felony the defendant shall be present in the court when any such proceeding is had as mentioned in the three preceding articles. His counsel shall also be called." This question has been before this court frequently, and a list of the authorities will be found collated in sections 874, 875, 876, 877, 878 and 879 of White's Ann. Code of Crim. Procedure.

The Legislature has provided for a defendant to remain upon bond until the verdict of the jury has been rendered in all cases, and if they desire to make any different rule in regard to the presence of the defendant, it is for them to so enact.    It might be the part of wisdom for them to so enact in cases of this character, but we can only enforce the law as they have written 'it—we can not legislate. It was error for the court to withdraw this evidence from the consideration of the jury.    It had been admitted in evidence without objection from anyone; some of it had direct bearing on the issues involved, and even if the defendant had been present, the court should not have withdrawn this testimony.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*