### Zack Booth v. The State.

#### No. 1633. Decided March 27, 1912.

**1.—Theft of Cattle—Jury and Jury Law—Communication with Court.**

Where the jury sent a note by the deputy sheriff to the court that they could not agree upon a verdict, and the court through said officer informed the jury orally that as long as there was life there was hope, and that the court would last for four weeks longer, and this all occurred in the absence of the defendant and his counsel, the same was reversible error. Articles 733 and 736, etc., White's Annotated Code Criminal Procedure.

**2.—Same—Evidence—Defendant's Reputation.**

Where State witnesses had testified, on trial for theft of cattle, that they had lost confidence in defendant's honesty after he was charged with stealing the alleged animal, it was reversible error not to permit defendant to show that the alleged animal probably belonged to defendant, and that the taking was open and public. Following Kemper v. State, 63 Texas Crim. Rep., 1.

**3.—Same—Rule Stated—Rebuttal.**

It is a fundamental rule that where a damaging fact or one thought to be so is introduced against defendant, he has a right to meet that with the best available testimony to meet the ill effects thereof.

**4.—Same—Misconduct of Jury—Practice on Appeal.**

Where a cause is reversed and remanded on other grounds, the misconduct of the jury need not be considered.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Marshall,* for appellant.—On question of refusing explanation as to defendant's reputation: Shipp v. State, 11 Texas Crim. App., 46; Granger v. State, id., 454; Barton v. State, 9 id., 261; Mapes v. State, 13 id., 85; Forrester v. State, 38 Texas Crim. Rep., 245; Young v. State, 41 id., 442; and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of cattle

theft, his punishment being assessed at two years confinement in the penitentiary.

1. A bill of exceptions recites that after the case had been submitted to the jury and they had retired to consider their verdict, and while the jury was deliberating upon their verdict, the jury, through one of its members, sent the court a note or message in writing, in substance, as follows: "The jury can not agree upon a verdict and there is no hope of reaching a verdict, the jury wants to be discharged." This message was delivered to the court by the deputy sheriff in charge of the jury, and upon reading the same the court directed the said deputy sheriff as follows: "Tell the jury as long as there is life there is hope, and this court lasts four weeks longer," which said message from the court to the jury was delivered to the jury by the deputy sheriff verbally. All of these proceedings were had in the absence of defendant and his counsel, and as soon as defendant and his counsel learned of the proceedings they excepted to the action of the court in giving said instructions verbally, and making said statement verbally through the sheriff, and in giving the same in the absence of the defendant and his counsel; and further excepting to the instruction or message as being improper. This bill is approved without qualification: Article 733 of White's Ann. Code of Criminal Procedure reads as follows: "When the jury wish to communicate with the court they shall make their wish known to the sheriff, who shall inform the court thereof, and they may be brought before the court, and through their foreman shall state to the court, either verbally or in writing, what they desire to communicate." Then follows two articles not necessary to mention. Article 736 provides: "In every case of felony the defendant shall be present in the court when any such proceedings is had, as mentioned in the three next preceding articles. His counsel shall also be called. In cases of misdemeanor the defendant need not be personally present."· The bill of exceptions shows the communication, what it was, and the fact that it was done in the absence of the defendant and his counsel. This action of the court was unwarranted and violative of the statute. This court has held in all the decisions construing these articles, that when the trial is for a felony, the presence of the defendant is necessary whenever any proceeding mentioned in any of the preceding articles is had in the case. For collation of authorities, see White's Ann. Code Crim. Procedure, secs. 874, 875, 876, 877, 878 and 879. The decisions have been harmonious and unbroken to the effect that violations of these articles constitute reversible error. In fact, it is a plain provision of the statute enacted by the Legislature. In the very recent case of Cowart v. State, decided during the present month, the judgment was reversed for a violation of one of these statutes in an opinion by Judge Harper.

2. Another bill recites that while Frank Abshier was testifying as a State witness, and after the State had elicited from the alleged injured party, W. J. Barrett, on redirect examination, the following

testimony: "That the particular cause of the hard feelings between said Barrett and said defendant was that defendant had taken that yearling of Hardin's down there and sold it to the butcher, and that said Barrett had quit hunting cattle with defendant on that account and had lost confidence in him on that account, and from that transaction said witness Barrett saw that defendant was depredating on stock," and after the said Barrett had testified that "the reputation of Zack Booth was good until the 'Hardin yearling' affair and that he had never heard him accused of stealing anything before that time," and after H. C. Abshier had testified that he had never heard of defendant's reputation being questioned until after the accusation about the 'Hardin animal'; the said witness Frank Abshier being introduced as a character witness against the defendant and having testified as such and after numerous other witnesses had testified that they never heard defendant charged with stealing anything prior to the accusation against him about the Hardin animal, the defendant offered to prove by said witness Frank Abshier, that he had heard that when the so-called Hardin animal branded by defendant was turned loose it went to defendant's cow and sucked said cow, and it was generally conceded that the so-called Hardin animal was the defendant's animal and not the property of Hardin. This testimony was offered by the defendant in connection with the general reputation of defendant, and especially as defendant was then cross-examining a State witness against defendant, all of which was excluded by the court on the objection of the State. Without going into any detailed statement of this matter further, it is a fundamental rule that where a damaging fact, or a fact thought to be damaging, is introduced against the defendant, or that in anywise militates against his case before the jury, he has a right to meet that with the best available testimony and explain away any ill effects of such testimony, if it be within his power. Appellant's reputation had been placed at issue, and this Hardin animal transaction seems to have been the only thing that was mentioned as detrimental to that reputation; at least, the Hardin animal matter was mentioned by this witness as it was by Barrett, Barrett being the alleged owner of the animal in question. This left the matter before the jury as if appellant had stolen the animal, at least it left it before the jury in such condition that they might so infer. He should have been permitted to introduce the facts in connection with it to explain this, and especially when taken in the light of another bill of exception in regard to the same matter, which is as follows: That while the defendant Zack Booth was testifying in his own behalf on direct examination and after W. J. Barrett, the alleged injured party, had testified on his redirect examination that "the particular cause of the hard feeling between said Barrett and defendant was that defendant had taken that 'Hardin animal' down there and sold it to the butcher and that said Barrett had quit hunting cattle with defendant on that account and had lost confidence in him (defendant) on that account,

and that from that transaction said witness Barrett saw that defendant was depredating upon stock," and also after said Bardett had testified on his cross-examination that the reputation of said Zack Booth was good until the Hardin yearling affair and that he, Barrett, had never heard him accused of stealing anything before that time, the defendant offered to show by the witness Zack Booth that at the time of the marking of the so-called Hardin animal at Dolph Gillard's pen by defendant there was a number of persons present and saw defendant mark and brand said animal and show who said persons were for the purpose of showing that the Hardin affair was open and well known to other parties, and defendant offered the evidence in connection with and tending to show the good reputation of defendant, to which proffered testimony the State objected, etc. The appellant by all this offered testimony sought as best he could to meet the statements of Barrett and this attack on his reputation. This was clearly admissible under all the authorities, and it was error for the court to refuse it. For collation of authorities see Branch's Criminal Laws of Texas, sec. 337. This proposition is laid down by Mr. Branch, and the authorities support it: "Defendant or any other witness is entitled to explain any fact tending to create a distrust of his integrity or truthfulness. He is also entitled to explain his motives when intent is an issue." We deem it unnecessary to collate the authorities as they are collated in said section. We have had several cases recently involving the same question. We cite, among the later cases, Kemper v. State, 63 Texas Crim. Rep., 1, 138 S. W. Rep., 1025, an opinion delivered by Judge Scott, who was special judge in that particular case, under appointment of the Governor to take the place of Judge Harper who was disqualified in said case by reason of having been of counsel.

3. The misconduct of the jury in two or three matters is urged as grounds for reversal. Inasmuch as the case will be reversed on the other questions, we deem it unnecessary to discuss such misconduct. It will not or ought not to occur upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

HARPER and PRENDERGAST, JUDGES.—We agree to a reversal of the case, and agree that it is improper for the court to communicate with the jury in the absence of a defendant, but the remark of the court in this instance, we hardly think, would of itself present reversible error.