D. CARTWRIGHT v. THE STATE.

No. 7891. Decided December 19, 1923.

Rehearing denied April 2, 1924 .

1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence supported the conviction, there is no reversible error.

2.—Same—Attorney and Client—Presence of Defendant.

After the State had rested its case appellant's counsel obtained permission from the court to retire with his client for consultation, and while so absent and not in the courtroom, the assistant district attorney held in his arms the jug which had already been introduced in evidence and some of the jurors smelled of the contents thereof, held that this is no reversible error in the instant case.

3.—Same—Rehearing—Absence of Defendant—Practice in Trial Court—Rule Stated.

It is not everything that takes place in the absence of the defendant upon trial for which a reversal should be ordered; there must be either an

actual showing of injury or a showing of facts from which injury might reasonably be inferred, and this not being the case, there is no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Whitehurst & Whitehurst,* and *W. L. Curtis,* and *J. C. Muse,* for appellant. On question of absence of defendant: Crow v. State, 230 S. W. Rep., 148; Mapes v. State, 13 Texas Crim. App., 89.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor. Punishment, one year in the penitentiary.

The evidence justifies the verdict and judgment. A still was found in operation on appellant's premises, he being present at the time. The liquor being made was corn whisky. A large glass jug containing a quantity of the liquor found at the still was identified at the trial and the jug and its contents introduced in evidence. There is no evidence controverting the state's testimony that the liquor being manufactured was corn whisky and intoxicating. No evidence was introduced in behalf of appellant, he standing on his plea of not guilty only.

After the State had rested its case appellant's counsel sought and obtained permission from the court to retire with appellant to the witness room for consultation. While appellant was out of the courtroom the assistant district attorney held in his arms the jug which had already been introduced in evidence and some of the jurors smelled of the contents thereof. It is urged that appellant was entitled to a new trial because this happened in the absence of appellant and that the judgment should be reversed because of the failure of the trial court to grant a new trial for the reason stated.

Our statute provides that in all prosecutions for felonies the defendant must be personally present on the trial. (Art. 646, P. C.). The court has many times been called upon to apply this statute and has uniformly held that any proceedings had in the absence of accused during an important step in the trial, or which could or might in any way affect his rights, would demand a reversal of the judgment. Many cases upon this point will be found collated in the notes under said Article 646, Vernon's Code Criminal Procedure. See also Derden v. State, 56 Texas Crim. Rep., 396, 120 S. W.

Rep., 485; Hill v. State, 54 Texas Crim. Rep., 646; Emery v. State, 57 Texas Crim. Rep., 423; 123 S. W. Rep., 133; Foreman v. State, 60 Texas Crim. Rep., 576, 132 S. W. Rep., 937. Appellant in his brief cites Crow v. State, 89 Texas Crim. Rep., 149, 230 S. W. Rep., 148, where the judgment was reversed because a juror already impannelled was excused in the absence of the defendant. He also makes reference to certain language in Mapes v. State, 13 Texas Civ. App., Rep., 85, where Judge Wilson, after referring to several authorities, says:

"We deduce from these decisions that it is an improper practice to take any step, or have any proceeding, however trivial, formal or unimportant it may appear to be, when the defendant is not present, and that it is material error, which will render the proceeding absolutely void, where such proceeding is had during the trial of the case in the absence of the defendant."

The language of Judge Wilson must be construed in the light of the authorities he referred to as well as the question then before the court for determination. Without reviewing the cases vited by him it will be found upon examination that all deal with some step in the trial vital to the defendant's rights as was also the matter complained of in the particular case then up for decision. The Mapes case was decided in 1882 at which time the members of this court were Justices Wilson, White and Hurt. In 1887 the same court had occasion to write upon the same subject through Judge White in Powers v. State, 23 Texas Crim. App., 42. We quote from that opinion:

"During a temporary absence of defendant from the court room, which seems to have been unnoticed at the time by the court, the names of five talesmen summoned upon the jury were called, and one of them (Adams) was examined as to his qualifications, and was peremptorily challenged by the State. When defendant's absence was called to the attention of the court, further proceedings were arrested. After awaiting unavailingly for an hour for the sheriff and deputies to bring back Adams, who had left after his discharge, the court, over objections of defendant, had the other talesmen examined and passed upon by the parties in the absence of said Adams. In qualifying this bill of exception, the trial judge says, 'Adams was the only juror examined during the absence of defendant, and he, Adams, was peremptorily challenged by the State.' A requirement of our law is that a defendant must be personally present during his trial for a felony (Code Crim. Proc. art. 596), and the requirement has been held to extend to all important steps of the trial. (Gibson v. The State, 3 Texas Civ. App., 137; Mapes v. The State, 13 Texas Crim. App., 85). A selection of the jury is beyond doubt one of the most important features of a trial for a capital felony, and we can well imagine how important it is ordi-

narily for a defendant to be present during such proceedings. But in any case, when a rule is invoked for non-observance, there should at least appear some slight reason why it should have been observed. It is a maxim that as a general thing, where the reason of a rule fails, the rule ceases to be obligatory or operative. Now the talesman, Adams, had been peremptorily challenged by the State. What possible injury could inure to defendant because the talesman could not be found and brought back so that the State might again challenge him in defendant's presence? We confess we can not imagine. Under the circumstances disclosed, if error was committed it was manifestly harmless error, for which no just ground of complaint can lie."

The fact that the Mapes case was referred to by Judge White and that Judge Wilson assented to the announcement in Powers' case makes it plain that the same court did not give the language quoted from the Mapes opinion the construction now sought to have us place upon it, viz: that anything occurring in the absence of accused during the trial, however trivial it might be, would necessitate a reversal of the judgment.

Reverting to the point now before us, what possible injury could have resulted to appellant from the incident which occurred in his absence? He was given the minimum punishment, the evidence was positive and uncontroverted that the liquor in the jug of which the jury smelled was corn whisky manufactured by accused, and the jug and contents had already been introduced in evidence. If there had been any issue as to the character of the liquor or as to whether it was intoxicating there would be no difficulty in understanding how injury might have resulted from the fact that the jury were permitted to smell it. See Lerma v. State, 81 Texas Crim. Rep., 109; 194 S. W. Rep., 164; Cook v. State, (No. 7451, opinion November 28th, 1923.) Where the record shows the absence of accused during any important step of the trial, or even raises the question of possible injury from something occurring in his absence during the trial, this court would not feel called upon to speculate upon the matter, but the record in the instant case presents no such state of affairs. It affirmatively shows that no injury could or did result to appellant and the reasoning of Judge White in the Powers case (supra) applies with equal force to the question now before us.

The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

April 2, 1924.

LATTIMORE, JUDGE.—By oral argument and logical brief in support of the motion it is urged that the fact that the jury in the absence of the appellant during the trial smelled a jug supposed to contain intoxicating liquor which had theretofore been offered in evidence and its contents testified to as being whisky, was error for which the case should be reversed. It is without dispute that testimony had already been given by witnesses that the contents of the jug in question was whisky, and that the jug had been introduced in evidence. No effort was made by appellant either by procuring affidavits or by the introduction of oral testimony to show that any of the jurors received evidence by way of their olfactories in addition to or different from that already orally detailed by witnesses. In the absence of some showing of injury it is not quite clear to this court how a reversal might properly be ordered for the reason urged. It is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be either an actual showing of injury or a showing of facts from which injury might reasonably be inferred. Ordinarily, demonstrative evidence which has been admitted may be exhibited to the jury or examined or handled by them, and it has frequently been held that such evidence may properly be carried into the jury room by the jury in their retirement. In ordinary cases if this had taken place, in order to soundly base a complaint upon some wrongful use made of such character of evidence by the jury, the court would require that the accused assume the burden of showing such wrongful use, or its probable injurious effect. As above stated, no effort was made by appellant along this line. We are compelled to conclude that the motion for rehearing should be overruled and it is so ordered.

*Overruled.*