## CHARLIE VAUGHN V. THE STATE.

No. 9441.    Delivered November 11, 1925.

**1.—Forgery—Charge of Court—Additional Instruction—At Request of Jury—Erroneously Given.**

Where, on a trial for forgery, during their retirement the jury sent the court by the sheriff a written statement in these words: "Does it take a felony in order to take up under a suspended sentence?" To which the court replied in writing, "Yes, and convicted before taken up." The jury was not brought into the court room, and the procedure was had in the absence of appellant, over his objection, and was clearly in violation of the mandatory provisions of Arts. 677 and 679 C. C. P. of 1925. Following Conn v. State, 11 Tex. Crim. App. 390, and other cases cited.

**2.—Same—Continued.**

Under the terms of these Statutes, and the previous interpretation of them, it is essential that the procedure by which additional instructions are requested and given, shall be in open court, and in the presence of the accused. These provisions of the Statute, we conceive, were intended to give effect to the provisions of the Bill of Rights, guaranteeing a public trial, and are mandatory. For the error pointed out the judgment must be reversed, and the cause remanded.

Appeal from the District Court of Coleman County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction of forgery, penalty two years in the penitentiary.

The opinion states the case.

*W. Marcus Weatherred,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is forgery; punishment fixed at confinement in the penitentiary for a period of two years.

The instrument was a check drawn at Santa Anna, Texas, in favor of the Santa Anna Mercantile Company, for $39.50, purporting to bear the signature of A. A. Gordon.

Appellant entered a plea of guilty. He testified, admitting that he passed the check and that the purported signature was that of a fictitious person. He endeavored to explain his conduct with the statement that he did not intend to defraud; that he did not know that the signing of a fictitious name was contrary to law; that his act was brought about in consequence of a wager with a friend that he could pass such a check, his idea being to demonstrate the correctness of his conclusion and to restore the property acquired. He received a suit of clothes in exchange for the check. Later, when taxed with the fraud he made good the loss by paying for the clothes and for the trouble of the injured party in relation to the matter. Appellant was twenty-eight years of age. He was inexperienced in business matters. It was shown by numerous witnesses that he bore a good reputation for truth and veracity, honesty and fair dealing. This was not controverted but was admitted by the State. He had not previously been convicted of a felony. His cross-examination was such as tended to discredit the good faith of the explanation of his conduct.

The verdict was returned some twenty-four hours after the jury had retired. Some time before the decision was reached, a controversy arose concerning the effect of the suspended sentence. The jury for a time were equally divided in the opinion, half of them favoring a suspended sentence, the others opposing it. The controversy related to the divergency of opinion as to the meaning of the term "good behavior" as contained in the court's charge, some of the jurors contending that if the appellant's sentence was suspended, he could

not be re-arrested upon the present offense unless he subsequently committed a felony; others contending that a misdemeanor would warrant the cancellation of the suspension of his sentence. In the course of the debate, some of the jurors particularized certain individuals in the community who had been accorded a suspended sentence and had afterwards committed misdemeanors and had engaged in carousals and disorderly conduct and had not been apprehended, and that the cancellation of the suspension of their sentence had not been undertaken. It was finally decided that the question at issue should be submitted to the court. Accordingly there was addressed to the court a written communication signed by the foreman, reading as follows:

"Does it take a felony in order to be taken up under suspended sentence?"

This was handed to the sheriff by the foreman of the jury and by him delivered to the district judge. Without calling the jury into open court in the presence of the appellant, the court, over the appellant's objection, answered the question by sending to the jury by the sheriff, a written statement in these words:

"Yes, and convicted before taken up."

Upon this subject, we quote from the Statutes as follows:

"The jury, after having retired, may ask further instruction of the judge as to any matter of law. For this purpose the jury shall appear before the judge in open court in a body, and through their foreman shall state to the court, verbally or in writing, the particular point of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except upon the particular point, on which it is asked." (Art. 677, C. P. C., 1925.)

In felony, but not in misdemeanor cases, the defendant shall be present in the court when any such proceeding is had as mentioned in the three preceding articles, and his counsel shall also be called. (Art. 679, C. C. P., 1925.)

The above corresponds with Articles 754 and 756, Vernon's Tex. Crim. Stat., Vol. 2. Under the terms of these Statutes and the previous interpretation of them, it is essential that the procedure by which additional instructions are requested and given shall be in open court and in the presence of the accused. Conn v. State, 11 Texas Crim. App. 390; Cowart v. State, 145 S. W. Rep. 341; Booth v. State, 145 S. W. Rep. 923; Osborne v. State, 245 S. W. Rep. 928. It is conceived that these provisions of the Statute were intended to give effect

to the provision of the Bill or Rights guaranteeing a public trial. At all events, communications between the court and jury touching the law of the case should be in open court and in the presence of the accused. In bringing before the jury in their retirement instances in which, in the opinion of the jurors, persons who have been accorded the suspended sentence had been guilty of misconduct was, to say the least, of very doubtful propriety. Obviously, there was a failure in the present instance to follow the mandatory provisions of the statutes quoted in that the additional instructions given to the jury by the court were not in open court, nor were they requested in open court as required by law. The request was not made in the presence of the accused, nor was the additional charge given to the jury in his presence. The error is of a nature from which injury is presumed. In the present record there are found some facts tending affirmatively to support the presumption of injury and none, so far as we are able to judge, to the contrary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*