BERNARD HARRIS v. THE STATE.

No. 12922.   Delivered March 5, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 813.

The opinion states the case.

*Scott, Casey & Hall,* of Marshall, for appellant.

*John E. Taylor,* Co. Attorney, and *Benjamin Woodall,* Asst. Co. Attorney, both of Marshall, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for six years.

The sheriff of Harrison County, upon making a search for appellant and prosecutrix, Mary Alice Rhodes, found them in a secluded spot. He testified that prosecutrix was on the ground on her back, and that appellant was on top of her; that appellant was going through motions suggestive of an act of sexual intercourse; that upon seeing him appellant got up and commenced buttoning up his trousers; that he (the sheriff) said, "Ain't you ashamed of yourself?"; that appellant replied: "I am just in one h—ll of a fix"; that prosecutrix said she "hadn't done anything"; that prosecutrix had straw in her hair and on her clothing; and that there was perspiration on her back. Prosecutrix testified that appellant had sexual intercourse with her with her consent. She, her mother and father testified that she was fourteen years of age.

Appellant denied that he had intercourse with prosecutrix. He testified that when the sheriff approached he was not on top of prosecutrix. On cross-examination he said: "I don't remember getting up buttoning my trousers. I will not say that I didn't do that; I wasn't on that girl. You have asked me to give a 'yes' or 'no' answer as to whether I got up from there buttoning my pants, and I will say that I did not. I don't know whether Mr. Sanders saw me buttoning up my trousers or not; I know that I didn't get off the girl doing it. I don't remember buttoning my trousers after I got up. I just don't know whether I buttoned up my trousers or not." Appellant introduced testimony tending to show that prosecutrix was sixteen years of age. He offered no testimony which in any manner showed or tended to show that she was of previous unchaste character.

Appellant offered to prove by prosecutrix that she had told appellant she was sixteen years of age. Upon objection by the state, the testimony was rejected. It should have been admitted as tending

to show that prosecutrix was over fifteen and, further, as affecting her credibility. If she had told appellant that she was sixteen and he had believed her, appellant's mistake as to her age would have been no defense. Edens v. State, 43 S. W. 89; Manning v. State, 65 S. W. 920. There was no testimony showing or tending to show that prosecutrix had reached the age of eighteen years. Appellant failed to introduce testimony showing that prosecutrix was of previous unchaste character. Although appellant denied the act of intercourse, his guilt was made plain by his own testimony on cross-examination, as well as by the testimony of prosecutrix and the sheriff. In view of these matters we deem the erroneous rejection of the testimony harmless.

If the court improperly permitted the reports of the school census to be introduced in evidence as tending to show that prosecutrix was fourteen years of age (and it is not conceded that error was committed), appellant could not have been harmed. It was undisputed that prosecutrix was under eighteen years of age. There was no evidence that prosecutrix was of previous unchaste character. Appellant fails to show that he could offer evidence touching the question of unchastity.

The special venire having been exhausted, the sheriff summoned talesmen. Without the consent of appellant, or his counsel, the court excused two of the talesmen. Art. 606, C. C. P. provides: "One summoned upon a special venire may by consent of both parties be excused from attendance by the court at any time before he is impaneled." It is doubtful whether this article can be construed to apply to talesmen. However, we deem it unnecessary to decide the question. We think the record excludes the idea of injury. Dixon v. State, 238 S. W. 227. This being the case, we would not feel warranted in ordering a reversal.

As the sheriff entered the court room with appellant the court was qualifying the talesmen theretofore summoned by the sheriff. When appellant entered the court room, the talesmen were removed, and thereafter, while appellant was present, were called in one at a time for voir dire examination. It is appellant's contention that an important step in his trial was taken in his absence and that the matter presents reversible error. If we understood the record, the court was swearing the entire body of talesmen at the time appellant entered the court room. Just exactly what was done before appellant entered is not disclosed. It is shown that each juror was examined on voir dire while appellant was present. As present, we are

of the opinion that the matter fails to manifest reversible error. Cartwright v. State, 259 S. W. 1085; Powers v. State, 5 S. W. 153.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The venire was exhausted and talesmen were ordered. In the opening of court all talesmen were present except Scheer and Mills. Scheer was called and appeared. After the talesmen were sworn touching their qualifications for jury service, the judge, from the bench, announced that talesman Barnes should be excused. It was alleged in the motion that the things above mentioned transpired there while the accused was in jail or while he was on the way from jail to the court room. Affidavits were attached to the motion. On the prosentation of the motion for new trial oral testimony was taken. On behalf of the appellant the testimony was in substance to the effect that after opening court and before the appellant was brought into the court room, the clerk, at the direction of the court, called the names of the talesmen. They were sworn to answer questions. Scheer, the first one on the list, failed to appear, but after he was called at the door, he appeared. It is conceded that no questions were propounded to Scheer during the absence of the appellant. On the adjournment of court in the evening, the sheriff was ordered to summon talesmen. Among those summoned were W. T. Mills, a ginner, and Roy Barnes, also a ginner. Upon receiving notice, Mills communicated with the judge, was excused, and did not appear with the other talesmen. Barnes did appear but was excused by the judge. The action of the court in excusing Mills was known to counsel for the appellant.

The talesmen were assembled in a body and sworn by the court to answer questions touching their qualifications. Thereafter they were taken from the court room and brought back one at a time and interrogated by the counsel for the State and the appellant respectively. The contention is that the talesmen were sworn in a body before the appellant reached the court room. The sheriff who had the appellant in custody gave testimony, from which the trial judge

would have been justified in concluding that the appellant had entered the court room before the court finished swearing the talesmen to answer questions touching their qualifications. This conclusion does not necessarily involve any conflict of evidence. However, the sheriff testified that he reached the court room before the court was opened.

In a felony case the presence of the accused at the trial is essential. See Art. 580, C. C. P. In a case where the accused is in custody, his absence from the trial would be imputed, not to him, but to his custodian. In the case of Cartwright v. State, 97 Tex. Cr. R. 230, many precedents on the subject are cited.

Whether the mere swearing of the talesmen to answer touching their qualifications, if done before the arrival of the accused, would be such a matter as would vitiate the verdict, is open to question. The evidence justifying the conclusion that the accused was present when the talesmen were sworn to answer questions touching their qualifications, the decision of the legal effect of such action in his absence is unnecessary. That the excusing of a talesman in the absence of the accused is not regarded as offending against the constitutional provision guaranteeing the right of trial by jury is made manifest by Art. 605, C. C. P., and the judicial construction thereof. The article reads thus:

"Any person summoned as a juror who is exempt by law from jury service, may, if he desires to claim his exemption, make an affidavit stating his exemption, and file it at any time before the convening of said court with the clerk thereof, which shall be sufficient excuse without appearing in person. The affidavit may be sworn to before the officer summoning such juror."

See Oates v. State, 56 Tex. Cr. R. 571; Dixon v. State, 91 Tex. Cr. R. 217.

It is made evident from the record that at the time of the opening of court and before the talesmen were tested, counsel for the appellant was made aware of the fact that talesman Mills had been excused by the judge. On the opening of court and before the selection of the jury was begun, the court announced from the bench that talesman Barnes had been excused, and to the action of the court no objection was made. No request was made to have the absent talesman called or brought into court. The matter was first raised after verdict, and in the bill preserved to the action is found the unchallenged statement of the judge that if objection had been made or question raised before the trial began the talesmen would have

been brought into court; that this could have been done in a very few moments. It has been held that a complaint of the improper release of a venireman is not available on appeal in the absence of prompt objection at the time of the ruling of the trial court. See Bejarno v. State, 6 Tex. Cr. App. 265; Livar v. State, 26 Tex. Cr. App. 115; Goodall v. State, 47 S. W. 359; Branch's Ann. Tex. P. C., p. 274, sec. 532; Gonzales v. State, 58 Tex. Cr. R. 257; Hudson v. State, 28 Tex. Cr. App. 338.

In consent cases of rape where the prosecutrix is over fifteen and under eighteen years of age, proof of her previous unchaste character is a defense. P. C., Art. 1183. Obviously, reliance upon the defense mentioned renders the age of the prosecutrix of prime importance. See Norman v. State, 91 Tex. Cr. R. 486; Pinkerton v. State, 92 Tex. Cr. R. 449; Lyons v. State, 94 Tex. Cr. R. 566.

In the present instance, there was not heard or offered any testimony tending to show the unchastity of the prosecutrix prior to the act upon which the prosecution is founded; nor was there any testimony suggesting that the prosecutrix was more than sixteen years of age. By the testimony of the father and mother of the girl the date of her birth was given as May 28, 1914. The date of the offense was April 3, 1929. The appellant offered to testify that he had been told by the prosecutrix that she would be sixteen years of age on the 28th of May, 1929. As a predicate for impeachment she was asked a like question. For such weight as it might have had as bearing upon the credibility of the prosecutrix, it is thought that the testimony should have been received, but in the state of the record, it was pertinent for no other purpose. Under the record, if error, it does not justify a reversal of the judgment.

The appellant introduced testimony of some contradictory statements of the father of the prosecutrix touching her age. In rebuttal the State introduced in evidence the scholastic census report corroborative of the testimony of the witness touching the age of the prosecutrix. It was shown that the census report was made, under oath, by the witness prior to the commission of the offense. The propriety of the reception in evidence of the record of the scholastic census report is challenged. There is some confusion in the law with reference to the admissibility of the record of census reports due in report at least to the variety in the purpose of such reports. A local census for the purpose of registering specific individuals stands on a different footing from a general census such as the enumeration of the population. See Wigmore on Evidence, 2nd Ed.,

Vol. 3, p. 519, sec. 1671; also Vol. 5, p. 590, sec. 2576. In dealing with the subject, the legislation under which the census is made and preserved is important. In Texas, the scholastic census it taken under the law governing the scholastic census set out in Chap. 16, Title 47, Rev. Civ. Stat., 1925. It requires that the census trustee shall take the oath of the parent or guardian of the child and make oath to his own reports. Such reports are written and are understood to become permanent public records on forms duly prescribed and which become the basis of the distribution of scholastic funds. The age of the child listed is of especial moment as only those within certain ages have the privilege of attending the public schools, and the apportionment of money to the particular district is based upon the number of scholastics within the proper age which are shown by the census reports. Census reports, where they are public records touching matters which by law it is designed shall be preserved and recorded, have heretofore been received in evidence with the sanction of the court and others. See Ford v. State, 82 Tex. Cr. R. 639; Mireles v. State, 83 Tex. Cr. R. 608; Tinker v. State, 269 S. W. 778.

From the Tinker case, supra, the following language is relied upon by the appellant as qualifying or limiting the circumstances under which such reports become admissible :

"The record in the present case showing affirmatively that the mother of prosecutrix could not be called as a witness because of her death prior to the trial, we perceive no error upon the part of the learned trial judge relative to Mr. Sims' evidence, nor as to the census records made from information furnished him by her as to prosecutrix's age."

The words used were not intended as announcing a restriction of the reports to a certain purpose but rather to illustrate that the particular facts rendered the testimony admissible under the restrictive rule which pertains to the reception in evidence of private records of birth. See Underhill's Crim. Evidence, 3rd Ed., Sec. 93. Also Rowan v. State, 57 Tex. Cr. R. 625. In the present instance the census report received evidence is the statement under oath of the father and mother of the prosecutrix showing the date of her birth made at a time anterior to that upon which her age became an issue, and there having been introduced testimony impeaching the accuracy of their present statements touching her age, their previous declarations consistent with their present testimony would come under the familiar rule which permits the support of an impeached witness by

proof of previous declarations. See Taylor v. State, 87 Tex. Cr. R. 332; Branch's Ann. Tex. P. C., p. 112, sec. 182. In Simpson's case, 46 Tex. Cr. R. 551, it was held that the age of the prosecutrix upon the school register, a private record, was not admissible, the witness testifying that it was placed there by him but he did not know where he obtained the information. Upon the same principle like testimony was held inadmissible in Heitman's case, 78 Tex. Cr. R. 349. In Hopkins' case, 78 Tex. Cr. R. 319, the duly authenticated scholastic census report was held admissible to support the testimony of the witness with reference to her age.

The remarks last made are not intended as implying that the scholastic census report in a proper case would not be admissible as original evidence touching the age of an individual which was an issue upon the trial. In the present instance, however, the conceded fact being that the age of the prosecutrix was not over sixteen years (there being no evidence of her previous unchaste character), the importance of the question as to whether the 28th day of May, 1929, was her sixteenth or fifteenth birthday is not perceived.

The motion for hearing is overruled.

*Overruled.*