WESLEY FRANCIS v. THE STATE.

No. 13806. Delivered January 7, 1931.
Reported in 34 S. W. (2d) 591.

The opinion states the case.

*A. B. Geppert* of Teague, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully manufacturing intoxicating liquor is the offense; penalty, confinement in the penitentiary for a period of one year.

According to peace officers, the appellant and another boy by the name of Elmer Ward were observed doing some work about a still. The owner of the still had been previously arrested and placed in jail. The appellant and his companion were arrested while about the still.

On the trial the appellant introduced testimony on the issue of a suspended sentence. It was shown by a number of witnesses that he had lived in the community since his early youth and bore a good reputation as a peaceable and law-abiding citizen up to the time of his arrest. Several witnesses testified touching his age and placed it from twenty-two to twenty-four years. There seems to have been no controversy upon that subject until the evidence was about to close when H. A. Walters, the County School Superintendent, was called as a witness. He produced the original scholastic enrollment slip which gave the date of the appellant's birth as April 28, 1904. The slip bore the following signature and certificate:

"Enumerate only those children who will be seven and under eighteen years of age on September 1, 1920, and who are residents of the district on the first day of March. Children born on or before September 1, 1902, or after September 1, 1913, must not be enumerated.

"I hereby certify that, as far as I am able to answer, the above information is true and correct, and that I am a resident of the district named above, and that the child whose name is given hereon has not heretofore been enumerated in this State for the scholastic year beginning September 1, 1920, and ending August 31, 1921.

J. W. and S. J. GRAY
Parent or guardian or person
rendering the child.

Subscribed and sworn to before me this 23 day of March, 1920.

J. A. FIELDS,

Census Trustee."

The certificate was identified by Walters, the present superintendent, as one of the records of his office of which he was the custodian. At the time of its introduction, there was no intimation challenging its authenticity. On the motion for new trial, however, affidavits were produced and testimony given by J. A. Fields to the effect that he did not take the affidavit; that it was not signed by the parties whose names appeared as guardians. It appeared that the appellant's father was dead and that his mother could not read nor write. The certificate was capable of influencing the jury against the accused on the issue of a suspended sentence. Aside from the certificate, there was no testimony to the effect that the appellant's age was above twenty-four years. The other testimony on the subject was to the contrary. The certificate, as it appeared when presented in court, carried its own authenticity and was such a public document as has been held admissible in evidence upon the issue of age. See Taylor v. State, 87 Tex. Cr. R. 330; Harris v. State, 28 S. W. (2d) 813; Tinker v. State, 269 S. W. 778. The motion for new trial is regarded as presenting such showing of facts as should have resulted in a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*