W. A. SCHAFER v. THE STATE.

No. 14374.    Delivered June 24, 1931.

The opinion states the case.

*Ed C. Meek, Frank E. Taylor,* and *Baskett & DeLee,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ninety-nine years.

The state's testimony was, in substance, as follows: Appellant and deceased, Dorothy Jones, had been sweethearts. On an occasion shortly prior to the killing appellant and deceased had quarreled, and appellant had struck deceased with his fist. Deceased stated to appellant, in effect, that she would not go with him any more. On another occasion appellant had pasesd the home of deceased and fired a shot from a pistol through the transom. Again, at another time, appellant, on passing deceased and some companions in an automobile, had fired his pistol. On the night of the homicide appellant and one Musick brought the body of deceased in an automobile to a hospital in the city of Dallas. Appellant stated to the officers and to hospital attendants that he had accidentally shot deceased while playing with a pistol. A gunshot wound had entered the right arm. of deceased and passed out of her body through the left arm. Appellant stated to the officers that deceased was shot on the road between three and four miles from the hospital. Deceased's body was cold and stiff when the parties reached the hospital. A nurse expressed the opinion that deceased had been dead forty or fifty minutes when the parties reached

the hospital. The weapon with which deceased was shot was an automatic pistol. It could not be fired by pressing the trigger unless the safety was released.

Appellant did not testify in his own behalf. His witness Musick, who had accompanied him and deceased in an automobile on the night of the homicide, testified that he was sitting in the car under the steering wheel by the side of deceased when the shot was fired; that he did not see appellant with a pistol in his hand; that the shot struck him (the witness); that he told appellant that he was shot; that appellant got in the car and they immediately started to the hospital, driving approximately seventy miles per hour; that after driving a short distance they discovered that deceased had been shot; that appellant and deceased had had no quarrel on the trip that he knew anything about. An undertaker testified that the body of deceased was warm when brought to the hospital. Appellant offered witnesses who testified that he and deceased were on good terms shortly prior to the homicide.

While the jury were deliberating they sent to the trial judge a written communication as follows: "The jury wants to know if a ninety-nine year sentence can be pardoned." This communication was received by the court in his office. Two of appellant's counsel were present at the time. Appellant was in jail and not aware of the communication. The court advised appellant's counsel that it would be necessary to bring appellant into the court room and have the jury report in open court before the question could be answered. Upon reading the question, appellant's counsel stated to the court that they would prefer to have the question answered and delivered to the jury by the sheriff without bringing the jury into open court. At the suggestion of appellant's counsel, the court permitted counsel to write out the answer to the question. This answer being signed by the court, was sent to the jury room by the bailiff. The substance of the answer to the question was that any sentence, whether carrying confinement in the penitentiary or death, could be relieved by pardon, but that the jury should not be concerned about the question of pardon. After the jury had returned a verdict assessing the penalty at ninety-nine years, appellant filed his original motion for new trial. He failed therein to set up as error the action of the court in communicating with the jury. At the time the original motion for new trial was acted upon by the court appellant had no desire to give notice of appeal, it being his intention to accept sentence. After sentence had been pronounced at the request of appellant, appellant's relatives insisted that he give notice of appeal. Several days after the pronouncement of sentence, upon motion of appellant, the sentence was set aside and appellant permitted by the trial court to file his amended motion for new trial. In this motion appellant alleged that the trial court committed error in communicating with the jury in the manner heretofore stated. The court

asked appellant's counsel if they desired to offer any testimony upon the motion. They answered in the negative. The amended motion for new trial was overruled, and appellant excepted and gave notice of appeal. A proper bill of exception brings before this court appellant's complaint.

Article 676, C. C. P., reads as follows: "When the jury wish to communicate with the court, they shall so notify the sheriff, who shall inform the court thereof; and they may be brought before the court, and through their foreman shall state to the court verbally or in writing, what they desire to communicate."

Article 677, C. C. P., provides: "The jury, after having retired, may ask further instruction from the judge as to any matter of law. For this purpose the jury shall appear before the judge in open court in a body, and through their foreman shall state to the court, verbally or in writing, the particular point of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except upon the particular point upon which it is asked."

Article 678, C. C. P., reads as follows: "If the jury disagree as to the statement of any witness, they may, upon applying to the court, have such witness recalled, and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, and as nearly as he can in the language he used on the trial."

We quote article 679, C. C. P.: "In felony but not in misdemeanor cases, the defendant shall be present in the court when any such proceeding is had as mentioned in the three preceding articles, and his counsel shall also be called."

This court has held in numerous cases that the presence of the accused, which is specifically required by the article last above quoted, cannot be waived by the attorneys for the accused. Shipp v. State, 11 Texas App., 46; Mapes v. State, 13 Texas App., 85; Granger v. State, 11 Texas App., 454; Crow v. State, 89 Texas Crim. Rep., 149; Sullivan v. State, 90 Texas Crim. Rep., 170. In Crow v. State, supra, Judge Hawkins, speaking for the court, quoted the language used by Judge Winkler in Shipp v. State, supra, as follows: "The right of the defendant to be present in court when the jury having charge of a case of felony return into court for additional instructions is clearly guaranteed to him by law. It is true that many of the rights guaranteed to a defendant by law may be waived by him. It is provided by the Code of Procedure, art. 23, that the defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury. In the case before us we are informed by the record that, though the defendant's counsel was present, the defendant was not present in court as he had a right to be under the law, as we have seen. But we are not informed by the record that the subject of a waiver of his right to be present in court when the additional charges were asked by the jury and

given by the court was ever mentioned by the court or by the defendant, or by any one having authority to speak for him. We are of opinion further that the defendant's counsel, though present, was not obliged to see that the defendant was present, and that it would not be inferred from his silence that the defendant had waived his right to be present when the proceeding in question was being had against him. It was the duty of the court and the prosecuting attorney to see to it that the rights guaranteed to him by law, when his liberty is involved, were guaranteed to him on the trial, and that he is present in court when by law he is entitled to be present. The defendant's counsel could not waive for him the right to be present in court when a charge was being given to the jury; and hence the presence and silence of his counsel cannot be construed into a waiver by the defendant of his legal right to be personally present in court on so important an occasion. If it had been sought to bind the defendant by a waiver, the record should have shown in plain and unmistakable language that the defendant in person and in open court, his attention being specially directed thereto by the court or under its direction, formally waived his right to be present in court. His counsel could not in his absence make such waiver as would be binding on the defendant. The defendant could not be bound by an implied waiver of his legal right to be personally present, even though the subject was called to the attention of the court for the first time in the motion for new trial."

After quoting from Mapes v. State, 13 Texas App., 89, Gibson v. State, 3 Texas App., 437, Rudder v. State, 29 Texas Crim Rep., 262, and Hill v. State, 54 Texas Crim Rep., 646, Judge Hawkins, in Crow v. State, supra, used language as follows: "From the foregoing review of the authorities it appears plainly that the court cannot act upon matters in the absence of the defendant without committing error which would result in the reversal of the case on trial. In the instant case the learned judge realized that the proper practice would have been to have had the defendant brought back into the court room and the jury returned, and in open court proceed in a regular and orderly manner in the discharge of the juror Harper, but he seems to have been misled by assurances of counsel for appellant that it was not necessary to do this, as the question would never be raised. Notwithstanding this, it has been raised, and this court must hold that it was error on the part of the trial court of such a character as will necessarily result in the reversal and remanding of this case. Court was not in session at the time, the jury was not in the court room, but in the sheriff's office when the juror Harper was notified that he might be excused; and the appellant was in jail. We cannot even presume that the action of his counsel in agreeing to the excuse of the juror was authorized by the appellant, because it affirmatively appears from the bill of exceptions that they were acting without his authority or

knowledge. No action on the part of the court subsequent to the excuse of the juror in the absence of the appellant would have cured the error already committed; the appellant had a right to be present in court, where he had a right to presume that all proceedings incident to his trial would occur."

In Hart v. State, 95 Texas Crim. Rep., 566, 255 S. W., 414, in the absence of the accused, the jury communicated in writing with the court, stating that they would not agree, and asking to be excused. The court wrote on the back of the written request, which was returned to the jury, the following: "This court will be in session until August 5, 1922," which communication was signed by the district judge. The date of this communication was July 6, 1922. In reversing the case, Judge Lattimore, speaking for the court, referred to the statute under discussion here and quoted with approval the language used by Judge Davidson in Booth v. State, 65 Texas Crim. Rep., 659, as follows: "This court has held, in all the decisions construing these articles, that when the trial is for a felony, the presence of the defendant is necessary whenever any proceeding mentioned in any of the preceding articles is had in the case. For collation of authorities, see White's Ann. Code Crim. Procedure, Sections 874, 875, 876, 877, 878 and 879. The decisions have been harmonious and unbroken to the effect that violations of these articles constitute reversible error. In fact, it is a plain provision of the statute enacted by the Legislature. In the very recent case of Cowart v. State, 65 Texas Crim. Rep., 482, 145 S. W., 341, decided during the present month, the judgment was reversed for a violation of one of these statutes in an opinion by Judge Harper."

In Cartwright v. State, 97 Texas Crim. Rep., 230, 259 S. W., 1085, Judge Hawkins, speaking for the court, used language as follows: "Where the record shows the absence of the accused during any important step of the trial, or even raises the question of possible injury from something occurring in his absence during the trial, this court would not feel called upon to speculate upon the matter, but the record in the instant case presents no such state of affairs. It affirmatively shows that no injury could or did result to appellant, and the opinion by Judge White in the Power Case, supra, (23 Texas App., 42), applies with equal force to the question now before us."

In Vaughn v. State, 102 Texas Crim. Rep., 207, 277 S. W., 646, a controversy arose concerning the effect of the suspended sentence. This controversy related to the term "good behavior" as contained in the court's charge. A written communication was addressed by the jury to the court reading as follows: "Does it take a felony in order to be taken up under suspended sentence?" The communication was delivered to the district judge, who received it without calling the jury into open court in the presence of the accused. Over objection by the accused, the court

answered the communication as follows: "Yes, and convicted before taken up." After quoting the statutes relating to the subject of communications between the court and the jury, Presiding Judge Morrow used language as follows:

"Under the terms of these statutes and the previous interpretation of them, it is essential that the procedure by which additional instructions are requested and given shall be in open court and in the presence of the accused. Conn v. State, 11 Texas App., 390; Cowart v. State, 65 Texas Crim. Rep., 482, 145 S. W., 341; Booth v. State, 65 Texas Crim. Rep., 659, 145 S. W., 923; Osborne v. State, 93 Texas Crim. Rep., 54, 245 S. W., 928. It is conceived that these provisions of the statute were intended to give effect to the provision of the Bill of Rights guaranteeing a public trial. At all events, communications between the court and jury touching the law of the case should be in open court and in the presence of the accused. * * * Obviously, there was a failure in the present instance to follow the mandatory provisions of the statutes quoted, in that the additional instructions given to the jury by the court were not in open court; nor were they requested in open court as required by law. The request was not made in the presence of the accused, nor was the additional charge given to the jury in his presence. The error is of a nature from which injury is presumed. In the present record, there are found some facts tending affirmatively to support the presumption of injury and none, so far as we are able to judge, to the contrary."

In the present case there was a failure on the part of the court to follow the mandatory provisions of the statute. Appellant did not waive the right to be present in court when the trial judge communicated with the jury. His counsel could not waive such right for him. The error is of a nature from which injury is presumed. It becomes our duty, in giving effect to the holding of this court, to order a reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.                                                    *Affirmed.*