### C. F. STREICH v. THE STATE.

No. 3696.   Decided November 24, 1915.

**1.—Assault to Murder—Self-defense—Apparent Danger.**

Where, upon trial of assault with intent to murder, the injured party was an intruder in defendant's house, and made an assault upon the defendant at the time he was shot, and the court's charge on self-defense limited defendant's right to danger and apparent danger, to life or serious bodily harm, and improperly restricted defendant's right of self-defense, the same was reversible error.

**2.—Same—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause remanded on other grounds, the overruling of the application for continuance need not be reviewed.

**3.—Same—Verdict—Absence of Defendant.**

Where, upon trial of assault to murder, the defendant was on bond, and had voluntarily gone out of the courtroom and was not present when the verdict finding him guilty was received, this, under article 899, Code of Criminal Procedure, was not reversible error, as it was defendant's duty to attend the court. Davidson, Judge, dissenting.

**4.—Same—Verdict—Discharge of Jury.**

Where the jury had returned their verdict and had been discharged this ended their connection with the case, and they could not be reassembled to do anything in connection with their verdict.

Appeal from the District Court of San Saba.   Tried below before the Hon. N. T. Stubbs.

Appeal from a conviction of assault to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Walker & Burleson* and *Martin & Martin,* and *W. T. Bagby,* for appellant.—On question of right of self-defense and charge of court: Reynolds v. State, 8 Texas Crim. App., 414; Wimberly v. State, 22 id., 506; Robison v. State, 160 S. W. Rep., 456; Hickey v. State, 102 S. W. Rep., 417.

On question of defendant's personal presence: Derden v. State, 133 S. W. Rep., 986; Cowart v. State, 65 Texas Crim. Rep., 482, 145 S. W. Rep., 387; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583.

*C. C. McDonald,* Assistant Attorney General, and *Dayton Moses,* District Attorney, for the State.—On question of absence of defendant: Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 584; Fight v. State, 28 Am. Dec., 629; Sherrod v. State, 93 Miss., 774; Davidson v. State, 108 Ark., 191; Hopt v. Utah, 110 U. S., 574.

DAVIDSON, Judge.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

This is rather a voluminous record in many respects. The case shows to have been fought with ability on both sides. The assault occurred at appellant's house. The injured party, Taff, had made an assault on appellant on the gallery, at least, not in one of the rooms, having a knife in his hand at the time. The parties separated, but met again in one of the rooms in the house, and the trouble came up. Under the State's theory appellant shot Taff with a pistol. The evidence seems to be fairly conclusive that Taff was approaching appellant when the pistol was fired. The defendant, however, goes further and states that he thought Taff was approaching him with a knife in his hand, and had succeeded in getting hold of him, and in the scuffle the pistol went off and shot Taff accidentally. There is evidence which seems not to have been disputed that appellant struck Taff on the head with the pistol, and a conclusion might be drawn, so far as the jury is concerned, that the pistol went off then. So we have the two theories, one for the State that defendant shot Taff intentionally, and the other that he struck him on the head, and in the scuffle growing out of this the pistol was discharged. We have further the testimony of appellant's side that Taff was attacking him, he thought, with a knife, but there is testimony which seems to indicate the assaulted party did not have a knife open at the time. This is a sufficient statement to bring in review the questions to be decided.

The court charged the jury on assault to murder, gave a general charge on aggravated assault and accident. In his charge on self-defense the court limited appellant's right to danger and apparent danger to life or serious bodily harm from Taff. Objection was urged to this charge in the proper manner, and special requested instructions were asked but refused. The effect of these exceptions and the special instructions asked was that the court had improperly restricted and limited appellant's right of self-defense. It was contended in the trial court, and is here urged as being the law, that appellant had the right of self-defense under the circumstances whether his life was in danger or his body of serious bodily harm. This is unquestionably the law, as applicable to this case. Taff was an intruder, an unwelcome guest at the house of appellant, he was trying to get him away, and after the first difficulty on the gallery, appellant found him in a room, and his testimony is that Taff made another assault upon him, and he thought with a knife. But whether he had a knife, or not and made the assault at the time he was shot, and appellant only struck with the pistol in

resistance to this attack, if his life was in danger he was justified. If it was not in danger and he used more force than was necessary either to put Taff out of the house or resist the attack made upon him, still he had a right to have the jury instructed as to this phase of the law of self-defense. The law of self-defense is not restricted to apparent or real danger of death or serious bodily injury under appropriate circumstances. A man has a right of self-defense in an ordinary simple assault. He has it in aggravated assault; he has it in assault to murder as well as in the homicide itself. If appellant used more force than was necessary in resisting the attack that Taff may have made upon him, or used more force than was necessary to put him out of the house, still, if his life was not in danger or his body of serious bodily harm he had the right of self-defense as against the other phase of it. This was the crucial point in the case. The refused special charge was on a vital issue, and the court's charge restricted it so that the jury would not apply, and were not informed of the law so they could apply it to self-defense against danger less than death or serious bodily harm. This ought not to be a debatable question under all the authorities as well as under statutory enactments.

Application for continuance was made and overruled. In view of another trial that matter is not discussed. The witnesses may be obtained, and if not, the matter may be presented in a different way and would be viewed differently in another application for continuance.

There is another question in the case, which ought to reverse the case, but it being reversed on the other question it is not fully discussed but mentioned rather incidentally. The jury retired to consider their verdict. Appellant was on bond; had a right to be on bond under the statute. He asked the county attorney whether he could go home, in view of the fact the jury had not returned a verdict and were out considering it, and the county attorney suggested to him he had better not leave; that the jury might come in with a verdict. Appellant made arrangements with a neighbor to carry his horse home so he might spend the night around the courthouse to respond to any verdict the jury might return. There seems to have been a general scattering from around the courtroom, it being about supper time. Appellant went off to get his supper, and it seems the jury brought in a verdict while appellant was getting his supper, nearby and in easy reach of the courthouse by call from the sheriff. The verdict was brought in and received by the court, and the jury discharged in the absence of the defendant. He was not called but was back at the courthouse in a few minutes. The court seems to have thought because counsel for appellant was present and raised no objection, therefore defendant's rights in the matter were waived. His counsel said he was as much unaware of the absence of the defendant as was the court. The duty was more obligatory upon the court to see that defendant was present when the verdict was received than on the counsel. The verdict ought not to have been received in the absence of the defendant. This by mandatory provisions of the law. It is evidenced from this record that defendant was

not wilfully or voluntarily absent within the meaning of the law at the time the verdict was received. He was there directly afterwards and was seen by the judge in one of the rooms of the courthouse. The reception of this verdict under the decisions of this court was not correct. This is not a novel case. See Cowart v. State, 65 Texas Crim. Rep., 482, 145 S. W. Rep., 341; Choice v. State, 54 Texas Crim. Rep., 517, . 106 S. W. Rep., 387; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583; Hill v. State, 114 S. W. Rep., 117; Foreman v. State, 60 Texas Crim. Rep., 576, 132 S. W. Rep., 937; Emery v. State, 57 Texas Crim. Rep., 423, 123 S. W. Rep., 133; Stoddard v. State, 132 Wis., 520; Hill v. State, 17 Wis., 675.

With reference to the other phase of this matter, that is, the reassembling of the jury and have them return a verdict in the presence of the defendant, is unauthorized by law. This has been a matter of frequent decision, and one very recently in an opinion by Judge Harper. After the jury returns a verdict and has been discharged, that ends their connection with the case. They can not be reassembled to do anything in connection with their verdict. That is a closed incident, and a recalling is unjustified and unauthorized. So a recalling of the jury did not amend the matter nor assist it in any way, but rather emphasized the fact the court understood that the former act in receiving the verdict in the absence of defendant was erroneous, and by this means he sought to correct that mistake or error.

There are other matters in connection with the first proposition, that is, charges in reference to self-defense of the home and necessary force to eject Taff from the house, but in view of what has been said these matters will not arise upon another trial. In other words, the court will properly instruct the jury with reference to those matters.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

PRENDERGAST, Presiding Judge, and HARPER, Judge.—Under article 899, as the appellant was on bond, and he had voluntarily gone out of the courtroom, we do not think there was any error in receiving the verdict. It was appellant's duty to attend court and not the duty of the court to see that he did attend, since the enactment of article 899.