FRED SLAUGHTER V. THE STATE.

No. 23690. Delivered June 18, 1947.
Rehearing Denied October 29, 1947.
Second Motion for Rehearing Denied November 26, 1947.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, five years in the penitentiary.

That appellant cut the injured party with a knife, inflicting serious injuries in the chest and stomach, is not denied. The defensive theory was self-defense and a lack of intent to kill.

The State's testimony amply supported the jury's finding of guilt.

This case was tried by and before Honorable John F. Sutton, Judge, presiding.

The motion for new trial was overruled and notice of appeal given on December 13, 1946. Sentence was passed and the judgment became final against appellant on the same date. No extension of the time within which the statement of facts and bills of exception might be filed was at that time allowed. The term of court at which the conviction was had lasted for six months and adjourned on January 4, 1947.

By reason of the fact that the term of court continued more than eight weeks, under provisions of Art. 760, C. C. P. appellant had thirty days from and after the date the judgment became final within which to file his bills of exception. The bills of exception appearing in this record were not filed until March 11, 1947, long after the expiration of the thirty days mentioned.

There appears in this record an order of date February 1, 1947, entered by "O. L. Parish, Judge Presiding," extending the time within which the bills of exception might be filed. If this order was valid and constituted a valid extension of the the time within which the bills of exception might be filed, appellant's bills are properly before us for consideration; otherwise, they are not.

Two reasons exist why the extension order was not valid. First, there is nothing to show that Judge O. L. Parish was authorized to make such order. Article 760, C. C. P. provides that "the judge trying the cause may extend the time in which to file a statement of facts and bills of exception." Judge Parish was not the "judge trying the cause." The cause was tried by Judge Sutton. Reasons may exist and conditions arise where a judge other than the one trying the cause may extend the time for filing bills of exception, such as death or disability, but this record reflects no such reason. Moreover, the bills of exception appearing in the record were approved by Judge Sutton. It appears, therefore, that the record does not reflect the authority of Judge Parish to enter the order of extension. The other reason is that, conceding the authority of Judge Parish to enter the extension order, such would not suffice because more than thirty days had expired after the judgment became final and the trial court had lost jurisdiction to extend the time for filing the bills of exception. Neither would Judge Sutton have been authorized at that time to enter the extension order, because jurisdiction to do so expired thirty days after the entry of final judgment. Authorities attesting the rule stated are numerous and will be found collated under Art. 760, Vernon's C. C. P., Notes 36 and 44.

The provisions of Art. 760, C. C. P. relative to the time for filing bills of exception are mandatory and this court is without authority to disregard such provisions.

The bills of exception appearing in this record cannot be considered.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant urges that the failure to secure his bills of exception within the 30 day period after final judgment, or to get an order of extension during said 30 days was due to no negligence of himself or his attorney, and that his bills of exception should be considered, notwithstanding the delayed filing.

An order of extension made by Judge Parish on February 1, 1947 appears in the original transcript. This order was made after the expiration of the 30 days. As pointed out in our original opinion there was no showing of authority for Judge Parish to make such order. It is now shown by supplemental transcript that Judge Sutton, who presided at the trial was ill during the entire months of January and February, and unable to attend to any business, and on January 28, 1947, Judge Parish was assigned to preside in Judge Sutton's district. Final judgment was entered and notice of appeal given on December 13, 1946. After Judge Sutton became ill there was no judge to make an extension order until the assignment of Judge Parish was made. Under the circumstances no negligence on the part of appellant or his attorney to secure an extension order within the 30 days is shown. By the showing now made appellant has brought himself within the rule which permits the consideration of bills of exception when it is shown that the failure to file them in time was not due to the fault or laches of accused or his attorney, but was the result of causes beyond his control. See 4 Tex. Jur. Sec. 306, p. 440, and authorities there cited. The bills of exception will now be considered.

We do not set out the facts. They support the jury's verdict.

Bill of exception number one complains because of a remark made by the District Attorney in his closing argument. After referring to the testimony given by appellant at the trial, and to that of some of the other witnesses, the District Attorney said: "Gentlemen, are you going to believe the uncorroborated story of a man (referring to appellant) living over here at the hotel apparently making his living by playing poker?" Objection was interposed that there was nothing shown in the record

to the effect that appellant made his living playing poker. The trial judge sustained the objection and instructed the jury not to consider the statement complained of, whereupon the District Attorney said, "All I have to go by, gentlemen of the jury, is this record, and I think the evidence and circumstances of this case warrants the conclusion that that is what the defendant does for a living." The bill shows that in the language used by counsel he was not stating an independent fact, but was saying in effect that apparently from the record defendant made his living playing poker. We do not think it necessary to set out the evidence upon which counsel based his conclusion, but after having examined same carefully we do not think counsel went far afield in drawing the conclusion stated. However that may be, the action of the court in withdrawing the statement from the jury cured the error, if any.

Bill of exception number two presents complains that the verdict was received in the absence of appellant. This was one ground of appellant's motion for new trial. To properly appraise this complaint it is necessary to know how the situation appeared to the trial court at the time he received the verdict. The record reveals that when the jury retired to consider their verdict the trial judge left the court room and went into the office of the District Clerk. Mr. Davenport, attorney for defendant, testified that he suggested to the defendant that they go across the street and get a cup of coffee, and that as they passed the door of the clerk's office he said to the judge, "*We* (meaning himself and defendant) are going across for a cup of coffee and will be back in a very few minutes." The judge's version of the incident was that Mr. Davenport said, "*I* am going for a cup of coffee." A party who was in the clerk's office understood the attorney's remark as did the judge. In a few minutes the jury reported that they were ready with a verdict. The judge returned to the court room and noticed that appellant was not there, and sent two deputy sheriffs out to find him. One reported back that he had not been able to locate him. The other one likewise did not find appellant, but the judge received the verdict before the second officer reported. Appellant and his attorney came into the court room after the jury had been discharged and while some of them were still at the clerk's desk getting their pay warrents.

Art. 692 of the C. C. P. specially controlling reads:

"In felony cases the defendant must be present when the verdict is read unless his absence is wilful or voluntary. A

verdict in a misdemeanor case may be received and read in the absence of defendant."

This article was enacted in 1907 and was an amendment of former articles on the subject. Appellant relies upon Derden v. State, 56 Tex. Cr. R. 396, 120 S. W. 485. This case was decided in 1909. Articles of the C. C. P. upon the subject as they were before the present article was enacted are set out in full, the only reference to the present statute being "until lately modified." The old article, before amendment, was 749 C. C. P., and read:

"In cases of felony the defendant must be present when the verdict is read, unless he escape after the commencement of the trial of the cause; but in cases of misdemeanor it may be received and read in his absence."

At the time the article just quoted was enacted a defendant was not permitted to be at large on bail pending trial. In the present case appellant was on bail as he had a right to be under the law. In the Derden opinion reliance is had upon language found in Mapes v. State, 13 Tex. App. 85, which is quoted. We call attention to Cartwright v. State, 97 Tex. Cr. R. 230, 259 S. W. 1085, in which the very language of the Mayes case is discussed. See also Ex parte Casses, 112 Tex. Cr. R. 100, 13 S. W. (2d) 869, and Streich v. State, 78 Tex. Cr. R. 155, 180 S. W. 266. We call attention to these cases for the benefit of the bench and bar of the State, that they may be advised of the present status of this court's holding.

It is stated in the opinion in Derden's case that it was not thought under the facts there present that accused had either "wilfully or voluntarily" absented himself from the court room. With this conclusion we are in accord. The judge was expecting the jury to return a verdict on Sunday. Derden had remained about the court room all the forenoon on Sunday. In the afternoon he had gone to his boarding house. When the jury indicated that they were ready with the verdict the judge instructed an officer to find Derden. He was reached by phone at his boarding house, and told the officer he would start immediately to the court house, and the officer so notified the judge. Here the judge knew where the defendant was, and knew he was on his way to the court room, but believing it was not necessary for the defendant to be present, the judge received the verdict before defendant arrived.

In the case now being considered the facts are quite dif-

ferent. The judge did not know where defendant was, nor how long he would be away, nor what occasioned his absence. This was unquestionably a voluntary absence on appellant's part. It is true he intended to return, and was there in a few minutes after the verdict was received. If the court had waited a few minutes the question being discussed would not be in the case. How long must the court wait before receiving the verdict in accused's absence. Who is to determine that question? We are unable to reach the conclusion that under the facts before the trial court he abused his discretion in receiving the verdict in appellant's absence.

The motion for rehearing is overruled.

### ON SECOND MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The original opinion dismissing the case did not discuss the merits of the appeal. Consequently, it was proper, after the foregoing opinion by Judge Hawkins, that a motion for rehearing be considered. This we permitted and what is denominated as a second motion for rehearing is in fact properly filed as a matter of right.

We have again considered the two questions raised by the appeal and discussed by Presiding Judge Hawkins. When the prosecuting attorney made reference to the testimony of defendant and advanced the opinion that he was "apparently making his living playing poker," prompt objection was made and was sustained by the court. He then continued to discuss his reason for thinking as he did and no objection appears to have been lodged to this. Whether or not the argument is inflammatory may depend much upon the facts of the case. Appellant admitted that he had been a gambler and had quit in 1919; that he took it up again but got into trouble on August 24th, 1945, while in a poker game, as a result of which a felony indictment was returned against him which was still pending. He denied that he had played poker since August 24th, 1945. It is further noticed that his testimony as to things which occurred between him and the prosecuting witness in the instant case is irreconcilably different from all of the evidence of the witnesses produced by the State. He denied kicking the panel out of the door as he attempted to enter the room of the prosecuting witness. He denied having a knife, or that he did the stabbing, yet the injured party was seriously stabbed in the region of the heart with no one else involved in the difficulty. He de-

nied several other things which denial the jury evidently did not believe. In this state of the record the argument would hardly be sufficient to inflame the jury's mind against him. As observed in the foregoing opinion, the court's action in sustaining the objection would appear to be all sufficient.

A more troublesome question is presented in the complaint that the court received the verdict in the absence of the appellant. It appears to the writer that the usual sense of fairness and customary courtesy was not extended to counsel for the defendant. However, we cannot so construe the statute as to require this. Probably the record cannot be made to give the exact picture and the discretion in the matter rests with the trial court. The attorney had informed the court that he was going to get a cup of coffee and that he would soon return. The court did not understand that the defendant was going too, but it transpires that he did. When the jury was ready to report he sent two deputy sheriffs to find them, but received the verdict before one of the deputies returned. The defendant and his attorney also returned ahead of one of the deputies. We are further precluded from reaching a conclusion that this verdict was improperly received by reason of the fact that definite periods of time are not stated in the record. The incident is regrettable, but we are unable to find those facts sufficiently definite that will support a conclusion that the court abused his discretion.

Considering the foregoing opinion sufficient, we refrain from further discussion of the two bills and overrule appellant's motion for rehearing.