**Robert Earl LUNDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44561.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied March 29, 1972.

William E. Matthews, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Donald L. Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of robbery by assault; punishment enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

█ Appellant contends the evidence is insufficient to support the conviction. The record reflects that one Charles Hopkins, in the early morning hours of January 19, 1970, brought his car to a stop at a red light on Pierce Avenue in Houston. While stopped at the red light, four people approached his car, one of whom, identified by Hopkins as appellant, got into the car and placed a gun to Hopkins' head. Appellant's other companions got into the car, and appellant demanded that Hopkins give him all his money. After he gave him his billfold, the appellant demanded the rest of his money and when Hopkins responded that he did not have any more, one of appellant's companions hit him with a pistol. The victim was driven around about five minutes before he was pushed out into a ditch, and appellant and the others departed in his car. Hopkins walked to a service station, where he called the police. Upon the arrival of the officers, a report came over the police radio that a car answering the description of the one taken from the victim had been involved in a wreck. The police car went to the scene of the wreck, where it was determined that one of the cars involved belonged to the victim. Hopkins testified that he saw appellant in a police car at the scene of the accident. We find the evidence sufficient to support the conviction of robbery by assault. See Smith v. State, Tex.Cr.App., 465 S.W.2d 766; Mauldin v. State, Tex.Cr.App., 463 S.W.2d 10.

Appellant complains of his retained trial counsel's failure to investigate and present a defense of alibi. He contends such failure constituted denial of effective assistance of counsel and an abuse of due process of law.

Appellant urges matters contained in bills of exception in support of his position. The record reflects that notice of appeal was given on October 15, 1970. The motion for extension of time to file the bills of exception was filed on February 11, 1971, and the order granting same was signed on the same day. The order extending time to file a bill of exception was signed by the Honorable Wallace C. Moore, Judge of the 184th District Court. The Hon. John Benavides, Judge of the 187th District Court was on assignment to the 184th District Court at the time of the trial of the instant case and was the judge presiding throughout the trial of this cause. Art. 40.09, Sec. 6(a), Vernon's Ann.C.C.P., provides: " * * * and for good cause shown, *the judge trying the cause* may further extend the time in which to file the bills of exception * * *." (emphasis added). In Slaughter v. State, 151 Tex.Cr.R. 156, 205 S.W.2d 781, it was noted that reasons may exist and conditions arise where a judge other than the one trying the case may extend the time of filing bills of exception such as death or disability. Art. 760, Sec. 5, V.A.C.C.P., in effect at the time of the Slaughter case, provided that the judge trying the cause may extend the time in which to file bills of exception. In Seales v. State, 166 Tex.Cr.R. 165, 311 S.W.2d 854, this Court said that presentation of a bill of exception to a judge other than the one who tried the case was not exercising diligence, where the reason for same was that the trial judge was out of town.[1]

█ In the instant case, the record fails to reflect any effort on appellant's part to present the request to extend the time for filing bills of exception to Judge Benavides who tried the case. Judge Benavides regularly sits as the Judge of the 187th District Court in San Antonio. The failure of ap-

---

1. Art. 759a, Sec. 4, C.C.P., in effect at the time of the Seals case contained a clause identical to the pertinent portion of Art. 40.09, Sec. 6(a), V.A.C.C.P.

pellant to present the instrument to Judge Benavides under the circumstances herein constituted a lack of diligence on the part of appellant. The bills of exception appearing in this record can not be considered and nothing is presented for review under appellant's contention of ineffective counsel in the trial court.

Appellant contends that a statement by counsel for the State misled him to his detriment and prevented him from receiving an effective defense.

The record reflects the following occurred on cross-examination of appellant:

"Q * * * and Charles Hopkins is mistaken when he positively identified you as the man who put that pistol on his head?

"A I have ten (10) witnesses who can testify where I was.

"Q We will hear them when you get through testifying. But he is mistaken?

"A Yes sir, he is."

■ Appellant contends the statement, "We will hear them when you get through testifying" combined with the incompetent defense by appellant's trial counsel denied appellant a defense that meets constitutionally prescribed standards. No objection was made to this statement in the trial court, and nothing is presented for review. Parsley v. State, Tex.Cr.App., 453 S.W.2d 475; Garcia v. State, Tex.Cr.App., 428 S. W.2d 334. Further, if objection had been timely made, we perceive no error. The statement of the prosecuting attorney was equivalent to telling appellant to allow his ten witnesses to testify for themselves rather than appellant relating their testimony.

Appellant raises, by his pro se brief, other grounds of error which we have reviewed and found to be clearly without merit.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., not participating.

ONION, Presiding Judge (concurring).

While the majority may be technically correct in their interpretation of Article 40.09, Sec. 6(a), V.A.C.C.P., I would base the affirmance on the misuse of the formal bill ·of exception as well as on other grounds.

At the time of trial the appellant was represented by retained counsel of his own choice. This same counsel represented the appellant at the hearing on the motion for new trial and at the sentencing on October 15, 1970, at which time notice of appeal was given.

Thereafter appellant's present counsel was appointed to represent him on appeal. He received a transcription of the court reporter's notes on January 5, 1971. A "Motion for extension of time to file record and appellate brief" was filed on February 11, 1971. In said motion appointed counsel alleged he had "uncovered new evidence which must be entered into the record as bills of exception." The motion was presented to the Hon. Wallace C. Moore, the regular judge of the 184th District Court where the trial occurred but who had not presided at the trial of the case. Judge Moore granted the motion which requested "a thirty day extension until March 15, 1971." On March 12, 1971, the bill of exception was filed in an effort to show the ineffective assistance of trial counsel. Attached to the bill of exception were the affidavit of Tom Himes who stated he would have testified as to appellant's whereabouts until 12:15 a. m. on the date in question if he had been contacted or subpoenaed, the affidavit of Hardy Thomas that he alone had committed an extraneous robbery which was introduced, and the affidavit of appellant's mother that he had given her a list of witnesses and she told the attorney she had some witnesses and she was not again contacted. This affidavit did not identify the witnesses to which reference was made.

Also attached was an affidavit of the appellant that he was with Hardy Thomas all evening, had waited outside a gas station restroom for Thomas a few minutes and when he entered Thomas was apparently robbing a " . . . boy." He further stated he gave an unidentified list of witnesses to his mother, that he saw his attorney only on the morning of trial, that his attorney talked to him about taking 17 years and then 30 years on a plea of guilty and he refused and that prior to trial the prosecutor had informed him that he would have his witnesses.

The so-called "bill of exception" was approved by Judge Moore on the same date it was filed.

On June 11, 1971, Judge Moore filed a certificate stating he was not the trial judge in the case and further stating, "I did not and could not have had any personal knowledge of any of the facts alleged in the Bill. At the time the Bill was presented to me, some six months after the trial, I was under the impression I was allowing the filing of same out of time, and to avoid Judge Benavides having to return to Houston and did not intend to lend any credence to the matters of fact stated therein, which for the reasons stated above, I could have had no knowledge whatsoever."

In Seefurth v. State, 422 S.W.2d 931, 936 (Tex.Cr.App.1967), this court said:

"It is true that where the record fails to disclose some action, testimony, objection, event, etc., a formal bill of exception may be utilized to supply the deficit. See Article 40.09, Sec. 6(a) (b), supra. Such procedure was not designed, however, to add to the record an event that did not in fact occur.

"From what we have said, it is clear that the bills of exception are not before us for review."

Understandably, appointed counsel came into the case after the hearing on the motion for new trial and could not, therefore, develop testimony concerning "newly discovered evidence" or evidence reflecting upon whether the appellant had effective assistance of retained trial counsel.

I do not agree, however, that where this occurs that a formal bill of exception can then be utilized thus avoiding the requirements of a motion for new trial based on newly discovered evidence and preventing the State from cross-examining witnesses, re: any claim as to counsel's competency, etc. Much of the bill relates to matters that did not occur during the trial and of which neither Judge Moore nor Judge Benavides could have had any knowledge and could not have approved or qualified the bill as to such matters.

In my opinion the bill is simply not before us for review.

Even if it can be argued that the bill of exception is properly before us and duly approved by the proper trial judge, I cannot see how it would reflect the incompetency of retained counsel.

There are other facts which are not set forth in the majority opinion which have a bearing on this matter.

The complaining witness Hopkins testified that after his billfold and his white Chevrolet had been taken by appellant and his companions during the early morning hours of January 19, 1970, he called the police and was subsequently taken to the scene of a wreck in which his stolen car was involved.

Ralph Quintero, age 17, testified that "around midnight" on January 19 his Volkswagen bus had been struck by a white Chevrolet, and that appellant was one of four men who got out of the Chevrolet and later came running at him with a gun hollering "Honkee." Quintero and his companion ran in different directions. Quintero ran about 8 blocks to a service station and called the police. While waiting at the station for the police he testified the appellant and two others came up to him, placed a gun in his side and took him to the sta-

tion's restroom and took his watch and billfold and hit him on the head with the gun. Appellant and one of his companions were arrested by the police when they left the restroom. The officers found a pistol inside the restroom. A cab driver who observed the two men arrested being searched by the officers saw one of them drop a billfold to the ground. He later recovered it and gave it to another officer. It was shown to be the wallet belonging to the complaining witness Hopkins which he testified the appellant had taken.

Appellant testified in his own behalf stating in response to his counsel's questions that he was doing so voluntarily and because he "wanted to." He stated on the date in question he was at the "Snowboat" Lounge from 8 p. m. until 12:10 a. m.; that he went to "The Alley," "an eating place" and then to a service station to wait for his cousin who was employed there to take him home; that while waiting he went to the restroom and that a boy he knew only as Johnny brought Quintero into the restroom and robbed Quintero but that he had nothing to do with the offense; that Johnny later ran and that the police arrested him and his cousin, whom he related was now deceased.

The appellant was impeached by a showing that he had been previously convicted of robbery by assault and attempted burglary.

Counsel is faulted for not calling Himes, proprietor of the "Snowboat" whose affidavit reflects he would have testified that appellant was at such lounge until "around 12:15 a. m." Such was merely cumulative of appellant's testimony and the record is clear that the events in question occurred after that time. Counsel is also faulted by not calling Hardy Thomas whose affidavit reflects he was with the appellant all evening and that he alone committed the robbery of Quintero in the station restroom. Such testimony if offered would have impeached that of the appellant to the effect that the robber was known to him

only as Johnny. Appellant's affidavit attached to the bill of exception acknowledges that Thomas was the robber and is at odds with his sworn testimony. The affidavit of appellant's mother refers to a list of witnesses but even to date the names of these witnesses have not been revealed.

It appears that counsel is accused of failing to contact, subpoena and put on the witness stand certain witnesses who would have supposedly supported an alibi by showing that appellant was not at the scene of the robbery alleged because he was present at the scene of another robbery of which he supposedly had no knowledge. This was largely the story appellant told the jury and did not constitute an alibi in view of time and short distances involved.

I find no merit in any claim that appellant received ineffective assistance of counsel from his retained attorney.

For the reasons stated, I concur.

ODOM, J., joins in this concurrence.