Dan Burton REED, Appellant,

v.

The STATE of Texas, Appellee.

No. 44738.

Court of Criminal Appeals of Texas.

March 22, 1972.

Mont P. Hoyt, Stan L. McLelland, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

Appellant was found guilty on August 14, 1970, of robbery by assault. The punishment was assessed by the jury at ten years imprisonment. His application for probation was granted upon the recommendation of the jury. Imposition of sentence was suspended and the appellant was placed on probation.

On November 6, 1970, a hearing was conducted on the State's motion to revoke probation, which alleged that the appellant had violated the terms and conditions of his probation "to commit no offense against the laws of this . . . State . . . ." in that he "on or about October 1, 1970, committed the offense of robbery by assault." The court, having found that the defendant had violated the terms of his probation, entered an order revoking appellant's probation and then pronounced sentence.

Appellant's counsel, appointed to represent him on the appeal of the order revoking probation, urge "The failure of appellant's trial counsel to investigate and present a defense of alibi was so grossly incompetent as to constitute an unconstitutional denial of effective assistance of competent counsel and a denial of due process of law."

■ The appellant argues that appointed trial counsel made no effort to and did not talk to appellant's alleged alibi witnesses. Our attention has not been directed to any part of the record which shows the basis for this argument. We find nothing in the record to show whether or not the trial counsel attempted to talk to the alleged alibi witnesses. We cannot determine from the record now before us that there is any substance to appellant's claim of ineffective assistance of counsel.[1] The fact that no alleged alibi witnesses were called to testify favorably to appellant's defense of alibi does not prove ineffective assistance

of counsel. Martin v. State, 460 S.W.2d 919 (Tex.Cr.App.1970).

■ Appellant further argues that he was denied the effective assistance of competent counsel in that his trial counsel failed "To make a single objection to the introduction of clearly improper and highly prejudicial evidence." Revocation of probation proceedings are conducted before a judge who is also the trier of the facts, it is presumed that he disregarded inadmissible evidence. Rodgers v. State, 448 S.W. 2d 465 (Tex.Cr.App.1969) and Bowers v. State, 414 S.W.2d 929 (Tex.Cr.App.1967). Therefore, the appellant was not harmed.

■ Appellant's next contention is that it was the duty of the judge at the revocation hearing "to make an independent inquiry into the possibility of obtaining appellant's alibi witnesses once their existence had been made known by appellant's testimony . . . ." The appellant was represented by counsel. It is not the court's function to make such an "independent inquiry." The court should not determine how counsel investigates his case, what evidence is to be offered or the trial strategy to be employed by counsel. That is counsel's responsibility.

■ Appellant next complains that the trial court's failure to personally inform the appellant "of his right to show cause why his probation should not be revoked, together with the date and time of his hearing, . . . constitute[d] an abuse of discretion by the trial judge." Appellant relies on Article 42.12, Section 3b, Vernon's Ann.C.C.P., which provides in part:

"If such a defendant has no counsel, it shall be the duty of the court to inform him of his right to show cause why his probation should not be revoked; and if such a defendant requests such right, the court shall appoint counsel in accordance with Articles 26.04 and 26.05 of this

---

1. After the time appellant's present counsel were appointed they may not have had an opportunity to develop the record on mo-

tion for new trial. See Lundy v. State, 477 S.W.2d 568 (Tex.Cr.App.1972), concurring opinion.

Code to prepare and present the same; and in all other respects the procedure set forth in said Sec. 8 of this Article shall be followed."

The answer to this argument is that the appellant was represented by counsel.[2] There is no showing that the appellant did not have notice of the date set for his hearing. No objection was made by appellant or his counsel that notice had not been given and the record reflects that the appellant announced ready before the revocation hearing was commenced. Appellant's contention is without merit.

■ In appellant's last ground of error he challenges the sufficiency of the evidence to show that appellant violated his probation by committing the offense of robbery by assault.

Burma Fest testified that on October 1, 1970, at 7:00 p. m., she was employed at Charlie's Liquor Store No. 2 in Pasadena. At that time, a man came into the store and ordered a pint of vodka. When she turned around, the man had a pistol and stated, "This is a holdup." She first thought that the person was "kidding" until "he said he would fill me with holes unless I gave him the money from the cash register." After this threat, she gave him $85.00. She identified appellant as the robber. This is sufficient evidence to justify the trial court's order revoking probation.[3]

The sentence in the record reflects that in complying with the indeterminate sentence provision, the minimum sentence for this offense was stated as two years instead of five years as provided by Article

1408, V.A.P.C. The sentence will be reformed to read "not less than five years nor more than ten years."

No abuse of discretion being shown, the judgment, as reformed, is affirmed.

Opinion approved by the Court.

ODOM, J., not participating.

---

2. Appellant was represented at the revocation hearing by the attorney that had been appointed for him on the original trial. The record is silent as to whether counsel was appointed or retained with regard to the revocation proceeding. The letters "Apted" appearing on the court's docket sheet following the attorney's name have been scratched out. This may indicate counsel was not appointed. There would not be confusion on this matter if the

record contained written orders showing the appointment of counsel and release of counsel from duties as appointed counsel.

3. Although it was not pled by the State in its motion to revoke probation, appellant testified that at the time of his arrest he was in possession of a loaded pistol in violation of Article 483, Vernon's Ann.P.C.