James Edward HOGUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 46170.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Ralph Taite, Dallas (by appointment), for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking appellant's probation. On February 15, 1969, appellant entered a plea of guilty to the offense of maiming and was assessed a prison term of eight years, probated.

On February 3, 1971, the State filed a motion to revoke the probation, alleging that appellant had failed to: (1) report to the probation officer as directed, (2) pay the required probation fee of $10.00 per month to the probation officer and, (3) make restitution in the amount of $3,200.00 to the probation officer, in the required amount of $50.00 per month. After a hearing, the probation was revoked.

Appellant alleges an abuse of discretion and refers to two complaints.

He first alleges that since he was committed for a period of time during his probationary period to Terrell State Hospital, it is evident he was unable to work and make restitution or report to the probation officer. The record is unclear as to the exact amount of time appellant spent in Terrell State Hospital, but apparently, he was there for three to six months. A psychiatrist testified that appellant knew right from wrong and was able to realize the consequences of his acts.

Appellant testified to the effect that he was physically able to work. Also, when asked why he had not reported to the probation officer as required, he replied that he "just kind of, you know, gave up" and that he "didn't really realize . . . what would happen."

The probation officer testified appellant did not report to him. The evidence is sufficient on this ground alone to support the order revoking probation. We need not

consider the failure to make the required payments. Appellant's first contention is overruled.

 It is next argued that error was committed when the State introduced evidence of an aggravated assault in which appellant allegedly participated. Appellant contends that his right to know the charges against him was abused by such testimony. However, the record reflects that in the State's motion to revoke the probation, no mention was made of such an assault. Likewise, in the court's order revoking the probation, the finding is made only on the conditions alleged in the motion. There was no objection to such testimony. In any event, it is presumed the trial court ignored this testimony. Reed v. State, 477 S.W.2d 904 (Tex.Cr.App.1972); Bowers v. State, 414 S.W.2d 929 (Tex.Cr.App.1967).

The judgment is affirmed.