Roger D. HOWERY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50776.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Bill Cornett, Amarillo, for appellant.

Randall L. Sherrod, Dist. Atty., and Richard L. Wilcox, Asst. Dist. Atty., Canyon, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On November 5, 1973, the appellant entered a guilty plea before the court to the offense of burglary of a private residence at night with intent to commit theft. Punishment was assessed at six (6) years, but the imposition of sentence was suspended and the appellant was placed on probation subject to certain probationary conditions.

On July 3, 1974, a first amended motion to revoke probation was filed alleging in two counts that the appellant on June 8, 1974 and June 9, 1974, "did then and there knowingly and intentionally deliver to W. L. Hord a controlled substance, namely:

heroin" in violation of his probationary condition that he not violate penal laws.

On November 7, 1974, the court conducted a hearing on said motion at the conclusion of which the court revoked probation based on the offense alleged to have occurred on June 9, 1974.

Appellant contends the court abused its discretion in revoking probation, claiming in a number of grounds of error that the evidence was insufficient to sustain the probation.

Hord, an undercover agent for the Department of Public Safety, testified that he had heard the appellant's name in an Amarillo lounge and on June 8, 1974, he in company with a man known as "Walt" went to the appellant's house in Amarillo and met the appellant. He went inside the house and was introduced to Judy Howery, appellant's wife. The appellant then asked Hord if he was interested in some "stuff," and when Hord replied in the affirmative the appellant advised Hord he had one gram, but stated he "would have to talk to Judy." After this, the appellant went into another room and his wife came from the back of the house and removed a tinfoil packet from a container and sold it to Hord for $65.00 and told him to come back if he needed more. The next afternoon, June 9, 1974, Hord returned to appellant's house and Judy answered the door. Hord told her he wanted two grams. She invited him in and removed two tinfoil packets from a container and told him the price was still $65.00 a gram. He handed a $100.00 bill and two $20.00 bills to her and asked for change. She then called the appellant and asked if he had change, and he stated he didn't but would get it. He took one of the $20.00 bills, left the house, and returned within ten minutes and handed a $10.00 bill to his wife, who handed the same to Hord. At this point the appellant "stated that he had to quit dealing as he was on probation at the present time."

Hord testified he dated and initialed the packets and subsequently turned them over to the Department of Public Safety Chemist Johnson in Lubbock. Johnson related he ran tests on the substance in each packet and that it was determined to be heroin.

The appellant did not call any fact witnesses, but called his mother and brother in support of his plea that he be continued on probation. He offered the deposition of another witness, but it is not in the record before us.

Appellant contends the evidence was insufficient to sustain the revocation because it did not show that he personally delivered any controlled substance to anyone or was criminally responsible for an offense committed by the conduct of another. We do not agree.

V.T.C.A., Penal Code, Sec. 7.01, provides:

"(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"(b) Each party to an offense may be charged with commission of the offense.

"(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

Sec. 7.02 of said Penal Code provides in part:

"(a) A person is criminally responsible for an offense committed by conduct of another if:

"(1) . . .

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense . . .."

Under the facts stated above, we reject appellant's contentions that the evidence was insufficient as claimed.

Appellant also urges that there is "no corroboration by a person other than the

offeree or by evidence other than a statement of the offeree of an offer to sell a controlled substance by Roger Howery (appellant)." This contention is based on the definition of "delivery" found in Section 1.02(8) of the Controlled Substances Act (Article 4476–15, Vernon's Ann.C.S.), which provides:

> " 'Deliver' or 'delivery' means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. *For purposes of this Act, it also includes an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.*" (Emphasis Supplied)

■ The transaction upon which revocation was based occurred on June 9, 1974. The offense of delivery which occurred was not based solely upon an offer to sell. The evidence showed the actual transfer of the controlled substance and the appellant's participation therein. We reject appellant's contention.

■ Appellant further urges that undercover agent Hord was an accomplice witness and that by the terms of Article 38.14, Vernon's Ann.C.C.P., his testimony must be corroborated and it was not. It is well established that Article 38.14, supra, is not applicable to revocation of probation proceedings, and revocation may be based upon uncorroborated testimony of an accomplice witness. *Barnes v. State*, 467 S.W.2d 437 (Tex.Cr.App.1971); *Moreno v. State*, 476 S.W.2d 684 (Tex.Cr.App.1972); *Stembridge v. State*, 477 S.W.2d 615 (Tex. Cr.App.1972); *Richardson v. State*, 487 S.W.2d 719 (Tex.Cr.App.1972); *Mann v. State*, 490 S.W.2d 545 (Tex.Cr.App.1973). Still further, even if such rule was not applicable, the evidence does not show that Hord was an accomplice witness. It is well settled that an undercover "agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains

evidence to be used against those engaged in the traffic." *Alexander v. State*, 168 Tex.Cr.R. 288, 325 S.W.2d 139 (1959); *Jones v. State*, 427 S.W.2d 616 (Tex.Cr.App.1968); *Ochoa v. State*, 444 S.W.2d 763 (Tex.Cr.App. 1969), and cases there cited.

■ Appellant also advances the claim that the substance analyzed was not the same substance actually delivered. Hord testified the two tinfoil packets he received as a result of the transaction on June 9, 1974, were dated and initialed and placed in the locked glove compartment of his car until June 11 or 12 when he personally delivered the packets to Chemist Pat Johnson in Lubbock. Johnson identified the packets as the ones delivered to him by Hord and as the ones upon which he placed laboratory numbers before running tests which proved the packets contained heroin. Hord was recalled to the stand and identified the packets as the ones he delivered to Johnson. It appears to be appellant's contention that Hord had also made a delivery of cocaine case on June 9, 1974, and that three packets obtained in this cocaine case were in the glove compartment with the exhibits in question and had been marked identically and as a result thereof the State failed to prove by competent evidence that the same substance received as a result of the transaction with appellant and his wife on June 9, 1974, was the same substance analyzed as heroin. Under the evidence we reject such contention. There is nothing in the evidence to suggest any tampering with the exhibits or any possible confusion with packets allegedly containing cocaine. *Walker v. State*, 470 S.W.2d 669 (Tex.Cr. App.1971).

■ Lastly, we consider appellant's contention that the court erred in revoking probation based on the June 9, 1974, transaction "because the court held that Judy Howery and appellant were co-conspirators when there were no allegations in the motion to revoke probation of a criminal conspiracy." The revocation was not based on criminal conspiracy, but on the allegation of

delivery of a controlled substance on June 9, 1974. Appellant's complaint is really directed to the admission of Judy Howery's conversation with undercover agent Hord on June 9, 1974, apparently in the absence of the appellant. No objection was made until the evidence reflected that Hord asked for his change. The hearsay objection then made was overruled with the court stating in part, " .  .  . she's a co-conspirator in this, as far as I am concerned." Shortly thereafter, the evidence reflects that the appellant entered the room and all subsequent conversations were in his presence. The only testimony admitted over objection was that Hord asked for his change and appellant's wife advised him she did not have change but the appellant would get some. The subsequent evidence, clearly admissible, established the same facts. The error, if any, was harmless. Further, in a revocation proceeding a judge is deemed not to consider inadmissible evidence.

The judgment is affirmed.