**Nathaniel MADEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52976.**

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

**190**

Brown & Brown, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Mary Anne Wiley, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GUPTON, Judge.

This is an appeal from an order revoking probation.

On August 21, 1973, appellant pled guilty to passing a forged instrument and punish-

ment was assessed by the court at three years. Imposition of sentence was suspended and appellant was placed on probation.

The State filed a motion to revoke probation on September 4, 1975, alleging appellant had committed the offense of robbery on August 20, 1975, in violation of probationary condition "a".[1] After a hearing on the motion to revoke, the court found appellant had so violated the conditions of his probation, revoked probation, and sentenced appellant to not less than two nor more than three years confinement.

Appellant contends the evidence is insufficient to show he committed the alleged robbery. Witness Henderson, an employee of a hat store in Lubbock, testified on August 20, 1975, two black men entered the store and inquired about the repair and cleaning of a straw hat worn by the taller of the two men. One of the men then grabbed her around the neck, choked her and took her to the back of the store. He told her to be quiet or he would blow her head off. During this time the other man took $45.85 from the cash register. Witness Henderson was asked if she saw either of the men that robbed her in the courtroom. She replied, "I couldn't positively say yes." She described the two men as being black males in their late twenties. One was 5' 10" or 5' 11" and the other was about 5' 8". They were both of medium build. Witness Henderson identified State's exhibit three as being the straw hat worn by one of the two men that day.

Officer Chappell of the Lubbock Police Department testified he investigated a robbery report on August 20, 1975. Mrs. Henderson gave him a description of the two men that had committed the offense. She said they were both black males about 25 years old, of slender build and one was a little over six feet tall, the other about five feet eleven.

Detective Clanton of the Lubbock Police Department testified he went to an apart-

1. Probationary condition (a) reads "Commit no offense against the laws of this or any other State or the United States."

ment on East 28th Street on August 22, and asked appellant to appear in a lineup. He stated appellant was very cooperative. Clanton described how the lineup was conducted and gave the names of the other persons appearing in the lineup. Clanton stated witness Henderson picked out appellant as looking like one of the men involved in the robbery. He stated she felt appellant was the man, but she could not swear to it. An employee and customer of the store adjacent to the scene of the offense also viewed this lineup. The employee could not identify anyone in the lineup as being one of the persons he saw leaving the hat store at the time of the offense. The customer thought appellant could have been one of the men, but he could not swear to it. Clanton further testified that witness Henderson had participated in two previous lineups in which appellant did not appear. In the first lineup she picked out one person as being one of the men involved in the robbery, and in the second lineup she picked out two people as possibly being involved.

Clanton further testified that he and appellant returned to the apartment. Appellant signed a consent to search form and opened the door to the apartment. Clanton identified State's exhibit three as the straw hat he found in a chair in the living room of the apartment. The testimony concerning the search of appellant's apartment was corroborated by Detective Daniels of the Lubbock Police Department. Daniels also stated that appellant said the straw hat belonged to his brother.

Appellant testified that he was at home at the time of the alleged robbery. He denied participating in the robbery. He stated he lived in the apartment with his brother, his brother's wife, Clifford West and Richard Johnson, and the apartment was rented in his brother's name. He also stated he voluntarily agreed to appear in the lineup and to let the officers search the apartment. He stated the straw hat belonged to Clifford West and appellant claimed he had never worn it or any other hat. During cross examination appellant put the hat on. The record shows the following:

"Q (By the prosecutor) Would you put this on please?

A (Defendant trying on hat.) It won't even fit my head.

Q Okay. If your hair is pulled out it will fit, right?

A No, ma'am, if my hair was pulled out, I doubt if it would fit, it sure wouldn't fit then.

Q When you pack it down, it makes it harder to fit on, right?

A I don't know. Like I say, I ain't never wore a hat."

On redirect, the appellant again tried on the hat and the following occurred:

"[DEFENSE COUNSEL]: All right, May the record reflect that the witness has tried the hat down around his head and that the hat rests high up on the top of his hair and doesn't fit down around his head and apparently doesn't fit him. If the State desires to suggest a contrary description of what that looks like, I'll be willing to agree to it.

"[PROSECUTOR]: I do believe that his testimony has covered this point sir, that he is not in the same condition that he was on August the 20th. I believe, if we're going to put the descriptions into the record that should be made clear also."

▮ Although appellant failed to object to Detective Clanton's testimony concerning Henderson's and the customer's identification of appellant at the pretrial lineup, it is clear that this testimony was hearsay and inadmissible. See *Williams v. State,* Tex. Cr.App., 531 S.W.2d 606 (Opinion on Appellant's Motion for Rehearing); *Weaver v. State,* 68 Tex.Cr.R. 214, 150 S.W. 785; *Haughton v. State,* 99 Tex.Cr.R. 42, 267 S.W.2d 715; *Jamail v. State,* 99 Tex.Cr.R. 127, 268 S.W. 473. The customer did not testify during the hearing and witness Henderson did not state she had made a prior identification of either of the two men that had robbed her. See and compare *Hills v. State,* Tex.Cr.App., 524 S.W.2d 692.

As this Court said in *Lumpkin v. State,* Tex.Cr.App., 524 S.W.2d 302, 305:

"Hearsay is without probative value, even if admitted without objection. *Mendoza v. State,* Tex.Cr.App., 522 S.W.2d 898 (1975); *Reynolds v. State,* Tex.Cr.App., 489 S.W.2d 866. It constitutes no evidence, and will not be considered in determining the sufficiency of the evidence. *Payne v. State,* Tex.Cr. App., 480 S.W.2d 732; *Cherb v. State,* Tex.Cr.App., 472 S.W.2d 273; *Rogers v. State,* Tex.Cr.App., 368 S.W.2d 772; *O'Beirne v. State,* Tex.Cr.App., 365 S.W.2d 787."

■ Hearsay has been held admissible on the issue of a fugitive's identity in extradition proceedings. See *Ex parte Martinez,* Tex.Cr.App., 530 S.W.2d 578. However, it does not appear hearsay is admissible in a probation revocation hearing. In *Johnson v. State,* Tex.Cr.App., 498 S.W.2d 198, 200, this Court said:

"The alleged hearsay testimony is not necessary to support the trial court's finding and it will be presumed that the trial court, as the finder of the facts, disregarded inadmissible evidence. *Reed v. State,* 477 S.W.2d 904 (Tex.Cr.App. 1972); *Branch v. State,* 465 S.W.2d 160 (Tex.Cr.App.1971); *Rodgers v. State,* 448 S.W.2d 465 (Tex.Cr.App.1969); *Bowers v. State,* 414 S.W.2d 929 (Tex.Cr.App.1967)."

See also *Peach v. State,* Tex.Cr.App., 498 S.W.2d 192.

■ In determining the sufficiency of the evidence to support the revocation order, we will presume the trial court disregarded the testimony of Detective Clanton as to identification of appellant at the pretrial lineup.

■ The remaining evidence does not show, even by a preponderance, that appellant committed the alleged robbery. There is no accomplice witness testimony. See *Howery v. State,* 528 S.W.2d 230. Witness Henderson did not make even a tentative identification of appellant during the revocation hearing. See *Dixon v. State,* Tex.Cr. App., 541 S.W.2d 437 (1976); cf. *Valenciano v. State,* 511 S.W.2d 297.

There is no testimony concerning the clothing worn by the robbers and there is nothing to show either of the two men had any unique or identifying characteristics. Further, there is no description of appellant, thus there is nothing in the record to show appellant fit either the description given by Henderson during the hearing or the description she gave Officer Chappell at the time of the offense.

The only incriminating evidence is the straw hat found in the appellant's apartment and appellant's inconsistent statements concerning the ownership of the hat. The record shows the hat was worn by one of the robbers; however, the record also shows the straw hat did not fit appellant. Further, the hat was found in the living room of the apartment appellant shared with three other men. See *Guitierrez v. State,* 533 S.W.2d 14.

We note that appellant cooperated voluntarily by appearing in the lineup and consenting to a search of his apartment. Appellant's statements concerning ownership of the hat, although conflicting, do not show by a preponderance of the evidence appellant's complicity in the alleged robbery. See and compare *Pope v. State,* 505 S.W.2d 556. The trial court abused its discretion in revoking appellant's probation.

The judgment is reversed and the cause remanded.