Denzil STRICKLAND, Appellant,

v.

The STATE of Texas, State.

No. 2–82–214–CR.

Court of Appeals of Texas,
Fort Worth.

April 20, 1983.

James A. Stephenson, Hurst, for appellant.

Tim Curry, Dist. Atty. and Don Hase, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

OPINION

FENDER, Chief Justice.

Appellant, Denzil Strickland, was convicted after pleading guilty to a charge of burglary of a building and was sentenced to three years confinement in the Texas Department of Corrections. After serving approximately three months, Strickland was placed on "shock" probation. The State filed a motion to revoke Strickland's probation on five counts. After a hearing, the trial court found count three (appropriation of a handgun from Melvin Landers knowing the handgun to be stolen with the intent to deprive the owner of the property) and count four (appropriation of some silver coins from Melvin Landers knowing the coins to be stolen with the intent to deprive the owner of the property) to be true and revoked Strickland's probation. Strickland asserts in two grounds of error that the evidence was insufficient to prove he appropriated the property or knew it to be stolen.

We affirm the revocation.

In a revocation proceeding, the State satisfies its burden of proof when the preponderance of the evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. The trial court is the sole trier of facts, credibility of witnesses, and weight to be given to testimony in this regard. *Taylor v. State,* 604 S.W.2d 175 (Tex.Cr.App. 1980). A revocation of probation may be based on uncorroborated accomplice testimony. *Howery v. State,* 528 S.W.2d 230 (Tex.Cr.App.1975).

Melvin Landers testified that he stole the silver coins, that Strickland waited for him in a car outside the house where he stole them, that he gave the coins to Strickland, that Strickland knew the coins were stolen, and that the owner of the house had not

given his consent for Landers to take the coins. Landers testified in a similar manner about the handgun.

The trial court chose to believe Landers' testimony and not that of Strickland's witnesses which tended to contradict Landers' testimony. There is evidence in this record of every element the State was required to prove. As the trial court is the sole judge of witness credibility, there was no insufficiency of the evidence and no abuse of discretion. Strickland's grounds of error are overruled and the judgment affirmed.