ACCEPTED
06-15-00041-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/18/2015 12:00:00 AM
DEBBIE AUTREY
CLERK

**No.06 -15-00041-CR**

**COURT OF APPEALS**
**SIXTH DISTRICT OF TEXAS**
**TEXARKANA**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/18/2015 9:16:00 AM

DEBBIE AUTREY

Clerk

JESSICA MARIE BRIGGLE
vs.
THE STATE OF TEXAS

FROM THE 6TH DISTRICT COURT OF LAMAR
COUNTY**,** TEXAS
ERIC CLIFFORD, PRESIDING

# APPELLANT'S BRIEF

Charles England Perry
State Bar No. 15799700
1101 Main Street
P.O. Box 720
Commerce, Texas 75429
Tel. 903-886-0774
Fax. 903-886-2043
Cell. 940-613-8439

# IDENTITY OF PARTIES AND COUNSEL

JESSICA MARIE BRIGGLE
PARIS,TEXAS


## ATTORNEY FOR APPELLANT

On Appeal:

Charles England Perry
State Bar of Texas No. 15799700
1101 Main Street
Commerce, Texas 75429


## ATTORNEY FOR THE STATE OF TEXAS


Gary Young
Assistant District Attorney
Lamar County Courthouse
119 North Main Street
Paris, Texas 75460
Phone No. 903-737-2413

**Table of Contents**

Identity of Parties and Counsel……………………………………….….ii

Table of Contentents……………………………………………………..…iii

Index of Authorities…………………………………………………......iv

I.Statement of the Case……………………………………………..…1

II.Statement Regarding Oral Argument……………………………….…1

III. Issue Presented…………………………………………………….…1

IV. Statement of Facts…………………………………………………2-4

V. Summary of Arguments…………………………………………….4

VI. Arguments and Authorities………………………………………..…4-7

VII. Conclusion and Prayer…………………………………...............8

Certificate of Service…………………………………………………...,…8

**Index to Authorities**

*Cases:*

*Cardova v. State,*665 S.W.2d 492, 493(1984)…………………………………4

*Frazier v.State,*600 S.W. 2d 271(Tex. Crim App.1979)……………………….7

*Garrett v.State,*619 S.W. 2d 172, 174(1981)………………………...……….5

*Maden v. State,* 542 S.W.2d 189(Tex. Crim. App. 1976)……………..……..7

*Mendoza v. State,* 522 S.W. 2d 898 (Tex. Crim.App.1975)…………………….7

*Statues:*

Texas Rules of Evidence:

     Section 803(6)…………………………………………….………5-7

     Section 805……………………………………………………….6

## I.    STATEMENT OF THE CASE.

The case at bar involves Jessica Marie Briggle who was indicted by the Lamar County Grand Jury on four counts of forgery of a financial instrument (CR 5-8) and later plead guilty on all four counts and placed three years deferred adjudication with restitution made at the time of the plea along with three years of Community Supervision(CR 33-40). Later the State filed a motion to proceed with adjudication of guilt (CR 57-58). A hearing was held on the State's motion to proceed with adjudication of guilt on February 17, 2015 and the court found the allegations in the States motion to be true. The court thus found the defendant guilty on all four counts and sentenced the defendant to 24 months in the State Jail Division of the Texas Department of Criminal Justice with four counts to run concurrently and further suspended the sentence and placed the defendant on three years of Community Supervision.(CR 74-81) after finding special conditions of Community Supervision (CR 57-68).At the hearing, the defense raised and completed the requirement for a necessary defense. The Trial Judge denied this request. This appeal follows:

## II.    STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument upon the important issue presented in this brief.

## III. THE ISSUES PRESENTED

The Issue presented for review is:

The Court erred in admitting the unobjected hearsay evidence in State's Exhibit #1 and the unobjected hearsay evidence of Community Supervision Officer Kelly Thrasher with respect to her testimony with regard to the Community Supervision violations of the defendant Jessica Marie Briggle. This evidence is thus insufficient and lacks sufficient probative value for the Court to find the allegations in the State's Motion to Proceed to Adjudication of Guilt to be true.

## IV. STATEMENT OF THE FACTS

The defendant was indicted originally on four counts of forgery(CR6-8)and plead guilty (RR p.7 lines 5-8 and 9-22) and sentenced to three years of Community Supervision (CR 33-40). On a Motion to Adjudicate Guilt (CR 57-58) the following evidence was taken by the Court.

The State's only document admitted into evidence with respect to the alleged violations was from a failed drug test. The rest of the evidence came from Mrs. Thrasher the Community Supervision supervisor over the defendant. She testified that the defendant failed to report in October of 2104 (RR 15, 12-16) and was not current of fees and supervision fees (RR 15, 17-

2

25; 16-1-22; 17,5-10 and 18-22). She also testified that the defendant needed to be revoked since getting out of treatment and relapsing (RR 19, 1-11). Then she testified that there was a mistake in the allegation and she did not miss reporting but it was actually November 2014.(RR 20, 7-18) then gave an explanation on why she should be revoked(RR 22, 8-17). On cross examination she testified that the defendant admitted with respect to condition 23 the use of meth in July of 2014(RR 24, 2-15 and 15, 24-25). Then she admitted that the violation of condition 23 came from the records of Pearson and Agnew that were caring for the defendant (RR 25,1-25;26,1-25; 27.1-20). State then admitted this was hearsay (RR 27,20-24). Then she testified that there was an allegation that the defendant failed to pay fees in September, October and November 2014. She next testified to a long and confusing scenario of what was paid and what was delinquent (RR 28, 11-25;29, 1-25; 30,1-25; 31, 1-14 and 10-20 and 23-25; 34, 1-15) Testifying further Mrs. Thatcher admitted that defendant paid $3600.00 in fees and supervision fees after reviewing a document from her office which was hearsay.(RR 35,1-13). She then went on to testify that when the Motion to Adjudicate Guilt was filed the defendant was current on her Community Supervision Fees.(RR 37, 4-18) and was current on her Community Supervision fees in July of 2014.(38, 18-24) She went on to testify that

$425.50 was the wrong amount owed (41, 19-22) and that the amount owed was only $325.00 (42, 8-17).

## V. SUMMARY OF THE ARGUMENT

The State proceeded in the hearing by attempting to prove several violations of the defendant Jessica Marie Briggles' Community Supervision Order(CR 30-31) by calling KellyThatcher as a witness. They introduced one document into evidence that the witness said was a record that was kept in their office. (State's Exhibit # 1) that said that the defendant had filed a drug test. This exhibit was not properly authenticated under Rule 803(6) of the Texas Rules of Evidence, which is a record of regularly kept activity. The rest of the witness's testimony with respect to what the defendant did or did not due was not declared or proven from the record in these proceedings. The evidence produced by the state in the hearing on the Motion to Adjudicate Guilt was hearsay even though not objected to on this ground,

1. **ARGUMENT AND AUTHORITIES**

   **STANDARD OF REVIEW**

   A trial courts order revoking probation or community supervision is reviewed for an abuse of discretion under *Cardona* v. *State*, 665 S.W. 2d 492,493( Tex.Crim.App.1984). In determining whether the evidence is sufficient to support revocation, the evidence is reviewed

4

in the light most favorable to the court's ruling. *Garrett* v. *State*, 619 S.W. 2d 172,174( Tex.Crim.App.1981).

The evidence used to adjudicate the guilt of the defendant on four counts of forgery of a financial instrument (CR 74-81) was State' Exhibit # 1 which the witness Kelly Thrasher testified was kept in the normal course of business yet the chain of custody was not initials by the defendant.(RR 13, 14-16). This unobjected to evidence was not properly authenticated under rule 803(6) of the Texas Rules of Evidence and was thus hearsay.

The remainder of the State's evidence used to adjudicate the guilt of the defendant (CR 74-81) was in all due respect of a collection of oral evidence from the witness Kelly Thrasher and was not identified and shown to be from a source that could be classified as relaiable and thus probative of the issues before the court. This can be seen by the allegations in the State's Motion to Adjudicate Guilt (CR 57-58) and how the testimony was at a fundamental variance with the allegations. All this evidence was unobjected to hearsay.
The first variance was that the State plead the Defendant failed to report in October of 3014 (CR 57-58) and so was the testimony (RR 15, 12-16) yet on cross examination Kelly Thrasher admitted she did

report in October of 2014.(RR 23, 25 and 24, 1) and there was a mistake in the allegation and it was actually November 2014( RR 20, 7-18).

Another variance Kelly Thrasher testified that the defendant admitted a violation of condition 23 in the Motion to Adjudicate Guilt (CR 57-58) yet then admitted that this alleged violation came from records of Pearson and Agnew that was caring for the defendant(RR, 25, 1-25; 26, 1-25; 27, 1-20). This was hearsay within hearsay and violates rule 805 of the Texas Rules of Evidence since the hearsay within the hearsay was not otherwise proved as an exception to the hearsay rule. The State even admitted this was hearsay (RR 27, 20-24)

The next variance scenario came from Kelly Thrasher's testimony with regard to alleged fees not paid and fees paid and a change in the various amounts.(RR, 28, 11-25; 29, 1-25; 30,1-25;31,1-14 and 10-20 and 23-25; 34, 1-15.) Later Kelly Thrasher testified the defendant had paid $3600.00 in fees and supervision fees (RR 35, 1-13). She continued to testify that when the Motion to Adjudicate was filed (Cr 57-58) the defendant was current on Community Supervision Fees   (RR 37, 4-18) and was current on her Community Supervision fees in July of 2014( 38, 18-24). She further testified that what was

6

said was owed was wrong and it should be $325.00 (RR428-17) and not $425.50(RR 41, 19-22).

The source of all of Kelly Thrasher's testimony can not fully be determined but it can be determined that it was hearsay in a Community Supervision Revocation Hearing or Motion to Adjudicate Guilt after pleading guilty and being placed on deferred adjudication(CR 33-40) and not objected to as such.

All of Kelly Thrasher's testimony was not admitted under an exception to the hearsay rule as well as State's exhibit #1 not being properly proved as a record of regularly kept activity [803(6) Texas Rules of Evidence exception to the hearsay rule under section and the court of criminal appeals set out a well established rule that such evidence is without probative value and will not be considered in determining sufficiency of the evidence. *Mendoza* v.*State*, 522 S.W. 2d 898(Tex. Crim.App.1975) and in *Maden* v. *State* (542 S.W. 2d 189(Tex Crim.App.1976) the court held that such evidence cannot be applied in probation revocation hearings.

All this came together in *Frazier* v. *State*, 600 S.W. 2d 271(Tex.Crim. App. 1979) where the court said that unobjected to hearsay cannot be the basis of a probation revocation.

**VI.** **CONCLUSION AND PRAYER**

For the reasons stated in the Appellants Brief the Appellant requests this

Court to REVERSE the sentence of the defendant Jessica Marie Briggle and remand the

case to the 6th Judicial District Court of Lamar County, Texas.

Respectfully submitted,

By:_/s/ Charles E. Perry_
    Charles E. Perry
    1101 Main Street
    Commerce, Texas 75428
    State Bar No: 15799700
    Tel: 903-886-077
    Fax: 903-886-2043
    Cell: 940-613-8439

**CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(3)**

Relying on Microsoft Word's word count feature used to create the Appellant's Brief. I certify that the number of words contained in this brief is 1,871 and the typeface used is 14 font.

/s/ Charles E. Perry
Attorney for Appellant

**Certificate of Service**

I certify that on the 17th day of May 2015, a true and correct copy of the foregoing was delivered by email and efiling to Gary Young counsel for the State of Texas, Lamar County District Attorney's Office at the Lamar County Courthouse located at 119 North Main Street in Paris, Texas 75460 by Charles E. Perry, counsel for the Defendant, Jessica Marie Briggle.

__/s/_ Charles E. Perry_____